■ LETITIA WRIGHT, Respondent, v OLYMPIA & YORK COMPANIES (U.S.A.) INC. et al., Appellants, et al., Defendant. [709 NYS2d 41] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered January 12, 2000, which denied appellants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff was injured when she fell through the drop ceiling situated between the mezzanine and the lower level of a store

located on premises owned by defendants-appellants. Although the mezzanine had been installed by appellants' lessee, the lease provided that all material alterations were to be approved by appellants, prior to and after construction. This provision is sufficient to raise a triable issue as to whether appellants had notice of the alleged hazard on the store mezzanine and retained sufficient control over the leased premises to be held responsible for the prevention or remediation of such hazard (*see, Putnam v Stout,* 38 NY2d 607; *cf., Johnson v Urena Serv. Ctr.,* 227 AD2d 325, *lv denied* 88 NY2d 814). On the other hand, the lease provision upon which the motion court relied in denying summary judgment, granting appellants a right of re-entry to "examine the Premises," would only suffice as a predicate for imposing liability on appellant out-of-possession owners if there were some accompanying evidence of a statutory violation (*see, Quinones v 27 Third City King Rest.,* 198 AD2d 23), and there is none at bar. Although plaintiff claims a violation of Building Code (Administrative Code of City of NY) § 27-557, that provision applies only to load-bearing floors, and there is no evidence that plaintiff fell through a load-bearing floor. Indeed, the evidence indicates, without contradiction, that plaintiff fell through a drop ceiling which, indisputably, was never intended to bear any load (*cf., Hilaire v Stanley Mgt. Co.,* 229 AD2d 423).

Appellants' additional argument, that they are entitled to summary judgment dismissing the complaint because the complained of hazard was open and obvious, is without merit. There are triable issues as to the obviousness of the hazard posed by the proximity of the drop ceiling to the mezzanine walkway. Finally, contrary to appellants' contention, any culpable conduct attributable to plaintiff is governed by CPLR 1411, rather than the assumption of risk doctrine. Concur—Williams, J. P., Ellerin, Wallach and Rubin, JJ.