Cardona, P. J., Peters, Spain and Mugglin, JJ., concur. Ordered that the judgment and·order are affirmed, without costs.

■ Martin Boyd, Respondent, v Lepera and Ward, P. C., Respondent, and Constance Jones, et al., Appellants. [712 NYS2d 659] —Crew III, J. P. Appeal from an order of the Supreme Court (Teresi, J.), entered August 3, 1999 in Albany County, which, *inter alia*, denied a cross motion by defendants Constance Jones and E. Stewart Jones, Jr. for summary judgment dismissing the complaint against them.

In August 1995 plaintiff, a carpenter, allegedly sustained various injuries while performing certain renovation work on a building owned by defendant Constance Jones. On the day of

4. Petitioner attached a portion of the final "Request for Proposals" issued July 19, 1999 as an appendix to its brief. That document is outside the record and may not be considered by us (*see, Topal v Pace Univ.*, 167 AD2d 387).

the accident, plaintiff was in the process of removing the floor joists surrounding a fireplace hearth on the third floor of the building. The hearth, which was to be preserved, had been braced with jacks and posts. After plaintiff finished cutting the joists supporting the hearth, he placed one hand on the hearth and reached for his apron, at which point the hearth gave way and plaintiff fell, catching his right leg on a joist.

Plaintiff thereafter commenced this action against Jones and her spouse, defendant E. Stewart Jones, Jr. (hereinafter collectively referred to as defendants), together with defendant Lepera and Ward, P. C. (hereinafter the architect), a firm that had been retained to provide architectural services for the project, alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6). The architect answered, cross-claimed against defendants for indemnification and moved for summary judgment dismissing the complaint. Defendants answered, cross-claimed against the architect for contribution and indemnification and cross-moved for summary judgment dismissing the complaint. Finding that the architect did not have the authority to direct or control the method or manner of the injury-producing work, Supreme Court granted the architect's motion for summary judgment dismissing the complaint. Supreme Court also denied defendants' cross motion in its entirety, prompting this appeal by defendants.

As a starting point, we reject defendants' assertion that Supreme Court erred in granting the architect's motion for summary judgment dismissing the complaint against it. Contrary to defendants' argument, the record as a whole simply does not raise a question of fact as to, *inter alia*, whether the architect directed or controlled the injury-producing work (*see generally*, *Johnson v Packaging Corp.*, 274 AD2d 627, 629).

In this regard, the architect's contract with defendants plainly provided that it would "not have control over or charge of and [would] not be responsible for construction means, methods, techniques, sequences, or procedures, or for safety precautions and programs in connection with the [w]ork since these [were] solely the [c]ontractor's responsibility under the [c]ontract for [c]onstruction". A similar provision was embodied in the construction contract. Additionally, although plaintiff testified that he, his supervisor and Vincent Lepera (one of the architect's principals) had a general discussion as to the need to preserve and brace the hearth in question, plaintiff could not recall the particulars of this conversation. Notably, plaintiff could not recall if Lepera, who was not present at the time of

the accident, offered any input as to the number of jacks or posts to be used to brace the hearth, nor could plaintiff recall if a final decision in this regard had been made prior to Lepera leaving the site on the day in question. On this point, Lepera testified that although he indeed reminded the contractor of the need to shore and brace the structure in order to maintain a safe worksite, he denied giving any instructions as to the bracing of the hearth at issue. Thus, the examination before trial testimony demonstrates, at best, that Lepera was involved in a general discussion as to the need to preserve and brace the hearth. Such testimony falls far short of raising a question of fact as to whether the architects, through Lepera, directed or controlled the injury-producing work.

We reach a similar conclusion with respect to the dismissal of plaintiff's Labor Law § 240 (1) and § 241 (6) claims against the architect. Both Labor Law §§ 240 and 241 expressly exempt from the liability imposed thereunder architects "who do not direct or control the work for activities other than planning and design" (Labor Law § 240 [1]; § 241 [9]). As should be apparent from the foregoing discussion, the architect's activities on the project at issue did not extend beyond planning and design and, hence, Supreme Court properly dismissed such claims on this basis. Defendants' assertion that liability may be imposed upon the architect based upon its status as a contractor or agent of defendants is equally unpersuasive, as the record does not support a finding that the architect was "generally responsible for the coordination and execution of all the work at the worksite" (*Feltt v Owens*, 247 AD2d 689, 691; *compare, Relyea v Bushneck*, 208 AD2d 1077).

As to the remaining arguments raised by defendants, only one has merit—namely, that Supreme Court erred in failing to dismiss plaintiff's Labor Law § 200 claim against them. Plaintiff testified at his examination before trial that defendants, who were not present on the day of the accident, did not have any input as to the bracing of the hearth, and there is nothing in the record to suggest that defendants had actual or constructive notice of the dangerous condition alleged. As such, Supreme Court should have dismissed plaintiff's Labor Law § 200 claim against defendants. Defendants' remaining contentions, including the assertion by E. Stewart Jones, Jr. that he is not an "owner" within the meaning of the Labor Law, have been examined and found to be lacking in merit.

Spain, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the cross motion by defendants

Constance Jones and E. Stewart Jones, Jr. for summary judgment dismissing plaintiff's Labor Law § 200 claim against them; motion granted to that extent and said claim dismissed; and, as so modified, affirmed.