■ ARKADIUSZ BRUDER et al., Appellants, v 979 CORPORATION et al., Respondents. (And a Third-Party Action.) [763 NYS2d 667] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Schneier, J.), entered April 24, 2002, as, upon granting that branch of the motion of the defendant Silver Rail Construction Corp., sued herein as Silver Rail Assoc., Inc., which was to dismiss the Labor Law § 241 (6) cause of action insofar as asserted against it, made at the close of the evidence, and upon a jury verdict in favor of the defendant 979 Corporation on the issue of liability, is in favor of the defendants Silver Rail Construction Corp., sued herein as Silver Rail Assoc., Inc., and 979 Corporation and against them, dismissing the complaint insofar as asserted against those defendants.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The defendant Silver Rail Construction Corp., sued herein as Silver Rail Assoc., Inc. (hereinafter Silver Rail), contracted with a tenant of an apartment building to renovate a duplex apartment on the 12th and 13th floors of a building owned by the defendant 979 Corporation (hereinafter 979 Corp.). Frank Nuzzi Paint Construction, Inc., doing business as Nuzzi Painting (hereinafter Nuzzi Painting), was hired as a subcontractor to perform painting work in the apartment under renovation.

While entering the building on the morning of April 2, 1999, the injured plaintiff, a painter employed by Nuzzi Painting, allegedly slipped and fell down a flight of stairs leading from the service entrance of the building to the basement. At the time of

the accident, the building porter was hosing down the sidewalk and watering the bushes near the service entrance. The plaintiffs commenced the instant action, asserting, inter alia, causes of action sounding in common-law negligence and violations of Labor Law §§ 200 and 241 (6). In their bill of particulars, the plaintiffs alleged that the defendants caused or permitted water to accumulate on the stairway creating a slippery condition in violation of, inter alia, 12 NYCRR 23-1.7 (d).

At the bifurcated trial, the trial court, inter alia, granted that branch of Silver Rail's motion which was to dismiss the Labor Law § 241 (6) cause of action insofar as asserted against it, made at the close of the evidence, and declined to charge the jury with respect to the liability of 979 Corp. under Labor Law § 241 (6). The jury thereafter rendered a verdict in favor of 979 Corp. and against the plaintiffs with respect to the Labor Law § 200 cause of action.

To prevail on a cause of action asserted under Labor Law § 241 (6), a plaintiff must set forth a violation of a specific rule or regulation promulgated by the Commissioner of the Department of Labor (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 502-504 [1993]).

Labor Law § 241 (6) imposes a nondelegable duty on owners and general contractors to ensure that "[a]ll areas in which construction * * * work is being performed" are maintained in a safe condition. The areas that must be kept in a safe condition include not only the actual construction sites but the passageways the workers must travel through to get to and from those areas (see Whalen v City of New York, 270 AD2d 340 [2000]; Rossi v Mount Vernon Hosp., 265 AD2d 542 [1999]; Kane v Coundorous, 293 AD2d 309 [2002]).

12 NYCRR 23-1.7 (d) states that: "[e]mployers shall not suffer or permit any employee to use a floor, passageway, walkway, scaffold, platform or other elevated working surface which is in a slippery condition. Ice, snow, water, grease and any other foreign substance which may cause slippery footing shall be removed, sanded or covered to provide safe footing."

However, contrary to the plaintiffs' contention, the staircase was not a passageway within the meaning of 12 NYCRR 23-1.7 (d) since it was in an open and common area which was remote from the work site (see Morra v White, 276 AD2d 536 [2000]; Constantino v Kreisler Borg Florman Gen. Constr. Co., 272 AD2d 361 [2000]). Accordingly, the Supreme Court properly granted that branch of Silver Rail's motion which was to dismiss the Labor Law § 241 (6) cause of action insofar as asserted against it at the close of the evidence, and properly

declined to charge the jury with respect to the liability of 979 Corp. under Labor Law § 241 (6).

The plaintiffs' remaining contentions are either not properly before this Court or are without merit. Smith, J.P., McGinity, Townes and Cozier, JJ., concur.