■ VAUGHAN BROWN, Respondent, v BRAUSE PLAZA, LLC, Defendant and Third-Party Plaintiff-Appellant-Respondent, and STRUCTURE TONE, INC., Defendant and Third-Party Plaintiff-Respondent-Appellant. METROPOLITAN LIFE INSURANCE COMPANY, Third-Party Defendant-Respondent-Appellant, et al., Third-Party Defendant. [798 NYS2d 501]—

In an action to recover damages for personal injuries, the defendant Brause Plaza, LLC, appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), dated May 13, 2004, as denied those branches of its motion which were for summary judgment (a) dismissing the causes of action to recover damages for violation of Labor Law §§ 200 and 241 (6) and for common-law negligence insofar as asserted against it and (b) on its third-party claim for contractual indemnification against the third-party defendant/second third-party plaintiff, Metropolitan Life Insurance Company, and the defendant second third-party plaintiff, Structure Tone, Inc., and the third-party defendant/second third-party plaintiff, Metropolitan Life Insurance Company, cross-appeal from so much of the same order as denied those branches of their cross motion which were for summary judgment dismissing the causes of action to recover damages for violation of Labor Law §§ 200 and 241 (6) and for common-law negligence insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion and the cross motion which were for summary judgment dismissing the causes of action to recover damages for violation of Labor Law § 200 and for common-law negligence and denying that branch of the motion which was for summary judgment on the third-party claim for contractual indemnification and substituting therefor provisions granting those branches of the motion and the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable by the plaintiff to the appellant-respondent and the respondents-appellants appearing separately and filing separate briefs.

The defendant Brause Plaza, LLC (hereinafter Brause), leased office space in a building which it owned in Queens to the third-party defendant/second third-party plaintiff, Metropolitan Life Insurance Company (hereinafter MetLife). MetLife subsequently hired the defendant Structure Tone, Inc. (hereinafter Structure Tone), as its general contractor to renovate its leased office space. At the same time, Brause hired the second third-party defendant, Tishman Technology Corp., to perform other renovations at the building. On November 1, 2001, the plaintiff, an electrician hired by the electrical subcontractor retained by Structure Tone, slipped and fell on a stairway in the building while on his lunch break. At his examination before trial, the plaintiff acknowledged that he did not see the substance which caused him to slip and fall either before or after the accident,

and was unable to describe the substance in any way. After the plaintiff commenced this action, Brause moved, and Structure Tone and MetLife cross-moved, for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff opposed only those branches of the motion and cross motion which were for summary judgment dismissing the cause of action to recover damages for violation of Labor Law § 241 (6). The Supreme Court granted only those branches of the motion and cross motion which were for summary judgment dismissing the cause of action to recover damages for violation of Labor Law § 240, and denied those branches of the motion and cross motion which were for summary judgment dismissing the causes of action to recover damages for violation of Labor Law §§ 200 and 241 (6) and for common-law negligence, and that branch of the motion which was for summary judgment on the third-party claim for contractual indemnification. This appeal and cross appeal ensued.

Labor Law § 200 codified the common-law duty of an owner or employer to provide employees with a safe place to work (*see DeBlase v Herbert Constr. Co.*, 5 AD3d 624 [2004]). The statute applies to owners and contractors who exercise control or supervision over the work being performed, or who have either created a dangerous condition or had actual or constructive notice of such condition (*see Lombardi v Stout*, 80 NY2d 290, 294-295 [1992]). Here, the movants made a prima facie showing of entitlement to summary judgment dismissing the causes of action to recover damages for violation of Labor Law § 200 and common-law negligence by demonstrating that they did not exercise supervisory control over the plaintiff's work, and that they neither created nor had actual or constructive knowledge of the alleged hazardous condition. In opposition, the plaintiff failed to come forward with evidence to support his claim that the dangerous condition was created by the movants.

To prevail on a cause of action to recover damages for violation of Labor Law § 241 (6), a plaintiff must set forth a violation of a specific rule or regulation promulgated by the Commissioner of the Department of Labor (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 502-504 [1993]).

Labor Law § 241 (6) imposes a nondelegable duty on owners and general contractors to ensure that "[a]ll areas in which construction . . . work is being performed" are maintained in a safe condition. The areas that must be kept in a safe condition include not only the actual construction sites but the passageways the workers must travel through to get to and from those areas (*see Bruder v 979 Corp.*, 307 AD2d 980 [2003]).

12 NYCRR 23-1.7 (d) states that: "[e]mployers shall not suffer or permit any employee to use a floor, passageway, walkway, scaffold, platform or other elevated working surface which is in a slippery condition. Ice, snow, water, grease and any other foreign substance which may cause slippery footing shall be removed, sanded or covered to provide safe footing." Here, the testimony demonstrated that both the owner and prime tenant were doing major renovations to the buildings and that both contractors used the stairwell where the plaintiff tripped and fell (allegedly on debris) for transporting material related to both construction projects. Thus, triable issues of fact exist as to whether the stairwell (a) constituted a passageway within the meaning of 12 NYCRR 23-1.7 (d), (b) was an open and common area, or (c) was too remote from any work which was being performed, and whether despite the foregoing, the stairwell was nonetheless used as a means of transporting material related to either construction project (cf. *Bruder v 979 Corp., supra*). Accordingly, the Supreme Court properly denied those branches of the motion and cross motion which were for summary judgment dismissing the cause of action to recover damages for violation of Labor Law § 241 (6).

However, since no triable issue of fact exists as to whether Brause exercised direction and control over the plaintiff's work or as to whether it caused or had notice of the alleged hazard, that branch of its motion which was for summary judgment on its third-party claim for contractual indemnification should have been granted (see *Hundley v Prince St. Assoc.*, 307 AD2d 252 [2003]). S. Miller, J.P., Krausman, Spolzino and Lifson, JJ., concur.