■ JUAN CARLOS LOPEZ, Appellant, v PORT AUTHORITY OF NY & NJ et al., Respondents. [811 NYS2d 575]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), dated October 26, 2004, as granted those branches of the separate motions of the defendant Port Authority of NY & NJ, the defendant Lufthansa German Airlines, and the defendants Terminal One Management, Inc., and Terminal One Group Association, L.P., which were for summary judgment dismissing the causes of action alleging common-law negligence and violation of Labor Law § 200 insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

In support of their separate motions for summary judgment, the defendant Port Authority of NY & NJ, the defendant Lufthansa German Airlines, and the defendants Terminal One Management, Inc., and Terminal One Group Association, L.P., each demonstrated that they did not exercise control or supervision over the plaintiff's work (*see* Labor Law § 200; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]; *Cun-En Lin v Holy Family Monuments*, 18 AD3d 800, 801 [2005]; *Mas v Kohen*, 283 AD2d 616, 617 [2001]; *see also Warnitz v Liro Group*, 254 AD2d 411 [1998]; *Werner v East Meadow Union Free School Dist.*, 245 AD2d 367, 368 [1997]) and that they had neither actual nor constructive notice of the allegedly dangerous condition (*see Abayev v Jaypson Jewelry Mfg. Corp.*, 2 AD3d 548, 549 [2003]; *Blanco v Oliveri*, 304 AD2d 599 [2003]). The plaintiff failed to raise a triable issue of fact in opposition to the defendants' prima facie demonstration of their entitlement to summary judgment. Accordingly, the Supreme Court properly granted those branches of the defendants' separate motions which were for summary judgment dismissing the causes of action alleging common-law negligence and violation of Labor Law § 200 insofar as asserted against them (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]).

The plaintiff's remaining contention is without merit. Schmidt, J.P., Santucci, Rivera and Skelos, JJ., concur.