■ Jorge Gonzalez, Appellant, v Pon Lin Realty Corp. et al., Respondents, et al., Defendant. (And a Third-Party Action.)
[826 NYS2d 94]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), dated April 7, 2005, as denied that branch of his motion which was for leave to serve a supplemental bill of particulars, granted that branch of the motion of the defendant MDM Design Group, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and granted that branch of the cross motion of the defendant Pon Lin Realty Corp. which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of the defendant Pon Lin Realty Corp. which was for summary judgment dismissing the cause of action based on Labor Law § 241 (6) insofar as asserted against it and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendant MDM Design Group, Inc., payable by the plaintiff.

The plaintiff was injured while working on a construction

project at a five-story building owned by the defendant Pon Lin Realty Corp. (hereinafter Pon Lin). While descending from the fifth floor with a bag of cement, the plaintiff fell through the staircase between the fifth and fourth floors, and landed on the second floor.

To prevail on a cause of action based on Labor Law § 241 (6), a plaintiff must establish a violation of an Industrial Code provision which sets forth a specific standard of conduct (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 502 [1993]; *Bruder v 979 Corp.*, 307 AD2d 980, 982). Here, the plaintiff alleged a violation of 12 NYCRR 23-1.7 (f), which provides that "[s]tairways, ramps or runways shall be provided as the means of access to working levels above or below ground" (12 NYCRR 23-1.7 [f]). The Supreme Court erred in granting that branch of Pon Lin's motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action because Pon Lin failed to establish that 12 NYCRR 23-1.7 (f) was inapplicable to the facts of this case (*see Sponholz v Benderson Prop. Dev.*, 273 AD2d 791 [2000]).

Pon Lin demonstrated its prima facie entitlement, however, to summary judgment dismissing the causes of action based on Labor Law § 200 and common-law negligence by demonstrating that it did not exercise supervisory control over the plaintiff's work, and that it neither created nor had actual or constructive knowledge of the allegedly dangerous condition (*see Hatfield v Bridgedale, LLC*, 28 AD3d 608 [2006]; *Lopez v Port Auth. of NY & NJ*, 28 AD3d 430 [2006]; *Brown v Brause Plaza, LLC*, 19 AD3d 626, 628 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of Pon Lin's cross motion which was for summary judgment dismissing those causes of action.

Contrary to the plaintiff's contention, the Supreme Court properly denied that branch of his motion which was for leave to serve a supplemental bill of particulars to allege specific violations of the Industrial Code and the Administrative Code of the City of New York, as there was no merit to the proposed amendment (*see D'Acunti v New York City School Constr. Auth.*, 300 AD2d 107, 108 [2002]; *Painton v Cosco Wholesale*, 267 AD2d 288, 289 [1999]). Because no hand demolition occurred in the staircase area which broke, 12 NYCRR 23-3.3 (c) was inapplicable (*see Ofri v Waldbaum, Inc.*, 285 AD2d 536 [2001]; *cf. Salinas v Barney Skanska Constr. Co.*, 2 AD3d 619, 622 [2003]). Also, New York City Building Code § 27-557 only applies to load-bearing floors (*see* Administrative Code of City of NY § 27-557), and the plaintiff did not fall through a load-bearing floor

(*see Wright v Olympia & York Cos. [U.S.A.]*, 273 AD2d 24, 25 [2000]).

Finally, the Supreme Court properly granted that branch of the motion of the defendant MDM Design Group, Inc. (hereinafter MDM), the architect, which was for summary judgment dismissing the complaint insofar as asserted against it. In opposition to MDM's prima facie showing that MDM was not liable under Labor Law § 200 because it neither directed nor controlled the work, and, as the architect, was specifically exempted from liability under Labor Law §§ 240 and 241 by the terms of those sections (*see* Labor Law § 240 [1]; § 241 [9]; *Boyd v Lepera & Ward*, 275 AD2d 562, 564 [2000]; *Houde v Barton*, 202 AD2d 890, 895 [1994]), the plaintiff failed to raise a triable issue of fact. Florio, J.P., Miller, Goldstein and Lunn, JJ., concur.