[837 NYS2d 720]

Denis B. Dooley, Appellant, v Peerless Importers, Inc., et al.,
Respondents.

Second Department, June 5, 2007

### APPEARANCES OF COUNSEL

*Corleone & Horan*, New York City (*Frank A. Composto* of counsel), for appellant.

*Callan, Koster, Brady & Brennan, LLP*, New York City (*Joshua C. Weisberg, David Lore* and *Michael P. Kandler* of counsel), for respondents.

### OPINION OF THE COURT

Miller, J.P.

The plaintiff was injured while working on a platform, or stage, that floated on the surface of a creek. The central issue presented for our review is whether, under the circumstances presented, the plaintiff's injury was the result of an elevation-related hazard, thus entitling him to the protection of Labor Law § 240 (1). My colleagues and I conclude in the affirmative,

and that the plaintiff's motion for summary judgment on the issue of liability on that cause of action should thus have been granted, and that branch of the defendants' cross motion which was for summary judgment dismissing that cause of action should have been denied. We further conclude that the record presents issues of fact as to whether the defendants Spearin Preston & Burrows, and Modern Continental Companies, Inc., exercised sufficient supervision and control at the work site to render them liable to the plaintiff under Labor Law § 200 and principles of common-law negligence. Thus, those branches of the cross motion of those defendants which were for summary judgment dismissing those two causes of action insofar as asserted against them should have been denied. We modify the order on appeal accordingly.

## I

The plaintiff was employed as a dock builder with Terra Drilling Company, Inc. (hereinafter Terra). On the morning of August 13, 2002, the plaintiff allegedly was injured while working on a bulkhead, adjacent to Newtown Creek, located on property owned by the defendant Peerless Importers, Inc. (hereinafter Peerless). Peerless contracted with the defendant Spearin Preston & Burrows (hereinafter Spearin), a wholly-owned subsidiary of the defendant Modern Continental Companies, Inc. (hereinafter MCC), to replace a deteriorating bulkhead at the site. Spearin, in turn, subcontracted with Terra, the plaintiff's employer, to perform certain "tie back" work on the bulkhead.

At his deposition, the plaintiff testified that, on the morning of his accident, at about 8:30 A.M., he was working on a "floating stage" on the surface of the creek. The stage gave him access to the bulkhead. He was assigned to measure PVC pipe, used to cover exposed anchors for cosmetic purposes. He was wearing a tool belt that weighed about 50 pounds.

The floating stage was made of wood. The plaintiff testified that it was no wider than 4 feet, and was about 10 feet long. According to the plaintiff, it was not sturdy, i.e., it had no railings. He testified that, on previous jobs, he had been on stages that had railings.

The plaintiff was about 20 minutes into his work, taking measurements for anchors that required piping, "work[ing his] way down the line," and moving the stage into position by "grabbing the hole that was burnt into the steel." At that point, he testified, the floating stage shifted from beneath his feet, and

he was "hanging a few seconds . . . a foot or so above the water." He hung by his right hand, which was in an anchor hole only big enough for one hand, with a diameter of about 3½ to 4 inches. He screamed for help, but no one came. He took his left hand and grabbed his right wrist, pulled himself up about 1½ feet, and tried to position his left hand so that he could pull himself up. He testified that, after several unsuccessful attempts, his hand slipped out of the hole. As he fell, he twisted his body toward the floating stage, and missed hitting it directly. He landed in the water of the creek, and struck his armpit, as well as his elbow, on the corner of the floating stage. He testified that, by that time, he was in water "up to [his] chest."

As for the distance of his fall, the plaintiff testified as follows. He initially hung about a foot above the water. He pulled himself up an additional "foot and a half at least." Thus, at that point, he was about 2½ feet above the water when his hand slipped and he fell. He further testified that when he fell, he did not stop falling until his arm was "pierced on the deck and the water was up to [his] chest." The plaintiff continued: "I didn't hit any bottom. So, I didn't stop falling for another five feet." Thus, counting the depth to which he sank in the water, the plaintiff estimated that he fell about eight feet.

At his deposition, Spearin's superintendent testified, inter alia, that he was at the job site every day "from day one" watching Terra's employees "all the time" in order "to make sure that Terra . . . [did] the job [it was] supposed to do according to the contract, mak[ing] sure that the men are following Spearin's procedures," and making regular inspections of Terra's employees' work "six hours a day, average."

The plaintiff commenced the instant action against Peerless, MCC, and Spearin alleging common-law negligence, as well as causes of action under Labor Law §§ 200, 240 (1) and § 241 (6). Following joinder of issue and certain disclosure, including, inter alia, the depositions summarized above, he moved for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action, and the defendants cross-moved for summary judgment dismissing the Labor Law §§ 200, 240 (1) and § 241 (6) and common-law negligence causes of action. The Supreme Court denied the plaintiff's motion, and granted the defendants' cross motion. The plaintiff appeals, and we modify.

## II

■ The defendants argue that the plaintiff has no Labor Law § 240 (1) cause of action since there was no difference in eleva-

tion between the surface of the creek and the floating stage. In other words, they contend that he was not subjected to an elevation-related risk, as he was able to take his measurements while standing on the floating stage. The Supreme Court reasoned that since the plaintiff did not fall from an elevated work site, and was not struck by a falling object, that branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action had to be granted. Clearly, the plaintiff was not struck by a falling object. But we conclude that it is just as clear that he was subjected to an elevation-related risk, and he is entitled to the protection of Labor Law § 240 (1).

In *Rocovich v Consolidated Edison Co.* (78 NY2d 509, 514 [1991]), the Court of Appeals examined the language of the statute, and explained:

"The various tasks in which [the protective devices listed in section 240 (1)] are customarily needed or employed share a common characteristic. All entail a significant risk inherent in the particular task because of the relative elevation at which the task must be performed or at which materials or loads must be positioned or secured. The contemplated hazards are those related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured. It is because of the special hazards in having to work in these circumstances, we believe, that the Legislature has seen fit to give the worker the exceptional protection that section 240 (1) provides. Consistent with this statutory purpose we have applied section 240 (1) in circumstances where there are risks related to elevation differentials . . . . In cases such as these, the proper 'erection', 'construction', 'placement' or 'operation' of one or more devices of the sort listed in section 240 (1) would allegedly have prevented the injury."

The plaintiff's case fits comfortably within the scope of the coverage provided by Labor Law § 240 (1). Manifestly, there was a differential between the level of the plaintiff's work, and a

lower level—the latter being the bottom of the creek. An elevated platform—in this case a floating platform instead of a scaffold—was necessary to enable the plaintiff to do his job precisely because gravity otherwise would have been a hindrance to his work, much as it would be, for example, in a situation where a worker has to perform work enumerated in Labor Law § 240 (1) on a building with the help of a scaffold. In the scaffold situation, if a worker had no protective devices, such as a harness or a guardrail, and suffered injuries in a fall from a shifting scaffold, Labor Law § 240 (1) clearly would offer the worker its protection (*see Nimirovski v Vornado Realty Trust Co.*, 29 AD3d 762 [2006]; *see also Striegel v Hillcrest Hgts. Dev. Corp.*, 100 NY2d 974 [2003] [worker who was injured when he slipped on roof of a building, and then slid down to eaves but did not fall to ground, was covered by Labor Law § 240 (1), as he was subject to elevation-related risk while working on roof]). We see no reason why a different result should obtain here because the plaintiff, while working from a floating stage, was standing at or near the surface of a creek. A sufficient number of tie lines and/or a guardrail could have prevented this accident.

The plaintiff thus made a prima facie showing of entitlement to judgment as a matter of law on the issue of liability on his Labor Law § 240 (1) cause of action (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In opposition, the defendants failed to raise a triable issue of fact. Accordingly, the plaintiff's motion for summary judgment on the issue of liability on that cause of action should have been granted.

### III

With respect to the Labor Law § 200 and common-law negligence causes of action, Labor Law § 200 merely codifies "the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work" (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317 [1981]). "An implicit precondition to this duty to provide a safe place to work is that the party charged with that responsibility have the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition" (*Russin v Louis N. Picciano & Son, supra* at 317).

Measured by the foregoing legal principles, we conclude that Spearin failed to make a prima facie showing that it was entitled

to judgment as a matter of law dismissing the plaintiff's Labor Law § 200 and common-law negligence causes of action. The deposition testimony of Spearin's superintendent, which was submitted in support of the defendants' cross motion for summary judgment dismissing those causes of action insofar as asserted against Spearin, raises material issues about the scope of its authority over Terra's employees, and whether that authority entered the realm of "control" over their work. Thus, the burden never shifted to the plaintiff to raise a triable issue of fact in response (*see Natoli v City of New York*, 32 AD3d 507, 508 [2006]). Accordingly, the Supreme Court should have denied those branches of the defendants' cross motion which were for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action insofar as asserted against Spearin. Furthermore, since MCC, Spearin's corporate parent, did not produce a witness or employee affidavit of its own in support of that branch of the defendants' cross motion which was for summary judgment dismissing those causes of action insofar as asserted against it, that branch of the defendants' cross motion should have been denied as well.

However, Peerless did make a prima facie showing of entitlement to judgment as a matter of law dismissing the common-law negligence and Labor Law § 200 causes of action insofar as asserted against it. Peerless established that it exercised no supervision and control over the work performed at the site and that it had no actual or constructive notice of the allegedly unsafe condition (*see Peay v New York City School Constr. Auth.*, 35 AD3d 566 [2006], *lv denied* 8 NY3d 807 [2007]; *Gonzalez v Pon Lin Realty Corp.*, 34 AD3d 638, 639 [2006]; *Lopez v Port Auth. of NY & NJ*, 28 AD3d 430, 431 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact. Indeed, the plaintiff did not even oppose that branch of the defendants' cross motion which was to dismiss the common-law negligence and Labor Law § 200 causes of action insofar as asserted against Peerless. Accordingly, the Supreme Court correctly granted those branches of the defendants' cross motion which were to dismiss those two causes of action insofar as asserted against Peerless.

## IV

Finally, we turn to the Labor Law § 241 (6) cause of action. "In order to recover under Labor Law § 241 (6), a plaintiff must establish the violation of an Industrial Code provision which sets forth specific safety standards" (*Meng Sing Chang v*

*Homewell Owner's Corp.*, 38 AD3d 625, 627 [2007], citing *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 503-505 [1993]). The defendants made a prima facie showing of entitlement to judgment as a matter of law on this cause of action. The plaintiff did not cite any Industrial Code provision that allegedly was violated here in his complaint, bill of particulars, or supplemental bill of particulars. He cited one provision in his opposition to that branch of the defendants' cross motion which was for summary judgment dismissing his Labor Law § 241 (6) cause of action—12 NYCRR 23-1.15. The Supreme Court correctly rejected the plaintiff's reliance on 12 NYCRR 23-1.15 as inapplicable. That provision sets standards for safety railings, but does not require them in the first instance, and the plaintiff was not provided with such a device (*see Dzieran v 1800 Boston Rd., LLC*, 25 AD3d 336, 337-338 [2006]). In his brief in this Court, the plaintiff now cites 12 NYCRR 23-1.7 (b) (1), admittedly for the first time. Having failed to make his record in the Supreme Court, the plaintiff's belated contention regarding the latter section is not properly before us (*see Thompson v Marotta*, 256 AD2d 1124, 1125 [1998]). In any event, both the hazardous condition contemplated by 12 NYCRR 23-1.7 (b) (1) and the safety conditions mandated therein are clearly inapplicable on the facts presented (*see Perrini v City of New York*, 262 AD2d 541, 542 [1999]). Accordingly, the Supreme Court correctly granted that branch of the defendants' cross motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action.

## V

For the reasons stated above, we modify the order on appeal by deleting the provision thereof denying the plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action and substituting therefor a provision granting the motion, by deleting the provision thereof granting that branch of the defendants' cross motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action and substituting therefor a provision denying that branch of the cross motion, and by deleting the provision thereof granting those branches of the defendants' cross motion which were for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action insofar as asserted against the defendants Spearin and MCC, and substituting therefor a provision denying those branches of the cross mo-

tion. As so modified, we affirm the order, with costs to the plaintiff.

RITTER, COVELLO and BALKIN, JJ., concur.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying the plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action, and substituting therefor a provision granting the motion, (2) by deleting the provision thereof granting that branch of the defendants' cross motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action, and substituting therefor a provision denying that branch of the cross motion, and (3) by deleting the provision thereof granting those branches of the defendants' cross motion which were for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action insofar as asserted against the defendants Spearin Preston & Burrows and Modern Continental Companies, Inc., and substituting therefor a provision denying those branches of the cross motion; as so modified, the order is affirmed, with costs to the plaintiff.