■ LAWRENCE SNELLMAN et al., Respondents, v VILLAGE OF PORT CHESTER, Appellant-Respondent, and G & S PORT CHESTER, LLC, et al., Respondents-Appellants. [863 NYS2d 234]—

In an action to recover damages for personal injuries, etc., the defendant Village of Port Chester appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered March 14, 2007, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the defendants G & S Port Chester, LLC, G & S Port Chester Corp., and G & S

Investors cross-appeal, as limited by their brief, from so much of the same order as denied their cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed and cross-appealed from, on the law, and the defendants' motion and cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them are granted, with one bill of costs payable by the plaintiff to the defendants appearing separately and filing separate briefs.

The injured plaintiff (hereinafter the plaintiff) was working on the construction of a bulkhead when a section of plastic sheeting he had just cut and was removing began to fall. In his attempt to hold onto the sheeting to prevent it from falling, the plaintiff allegedly was injured.

Contrary to the plaintiffs' contention, the defendants established, prima facie, their entitlement to judgment as a matter of law on each claim, and the plaintiffs failed to raise a triable issue of fact in opposition (*see Zuckerman v City of New York,* 49 NY2d 557, 562-563 [1980]). The plaintiff was not exposed to an elevation-related hazard within the meaning of Labor Law § 240 (1) (*see Melo v Consolidated Edison Co. of N.Y.,* 92 NY2d 909, 911 [1998]; *Buckley v Columbia Grammar & Preparatory,* 44 AD3d 263 [2007]; *cf. Dooley v Peerless Importers, Inc.,* 42 AD3d 199 [2007]). Moreover, the provisions of the Industrial Code which the plaintiffs claim were violated are not applicable to the facts of this case (*see Dooley v Peerless Importers, Inc.,* 42 AD3d at 206; *Mercado v TPT Brooklyn Assoc., LLC,* 38 AD3d 732, 733 [2007]). Finally, with respect to the causes of action seeking to recover damages for common-law negligence and violation of Labor Law § 200, none of the defendants breached any duty to the plaintiff. Thus, the Supreme Court erred in denying the defendants' motion and cross motion. Rivera, J.P., Fisher, Lifson and Dillon, JJ., concur.