Lazo v New York State Thruway Auth. (2022 NY Slip Op 02400)

Lazo v New York State Thruway Auth.

2022 NY Slip Op 02400

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2019-05807

[*1]Jose R. Lazo, et al., appellants, 
v
New York State Thruway Authority, respondent, et al., defendant. (Claim No. 129412)

Gorayeb & Associates, P.C., New York, NY (John M. Shaw of counsel), for appellants.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (Alex B. Cohen of counsel), for respondent.

DECISION & ORDER
In a claim to recover damages for personal injuries, etc., the claimants appeal from an order of the Court of Claims (Stephen J. Mignano, J.), dated March 13, 2019. The order, insofar as appealed from, denied those branches of the claimants' motion which were for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.7(b) and 23-1.16 insofar as asserted against the defendant New York State Thruway Authority, and granted that branch of that defendant's motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation 12 NYCRR 23-1.7(b) insofar as asserted against it.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the claimants' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant New York State Thruway Authority, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the claimants.
On December 22, 2016, the claimant Jose R. Lazo allegedly sustained injuries while working on the construction of the Governor Mario M. Cuomo Bridge (hereinafter the bridge). The defendant New York State Thruway Authority (hereinafter NYSTA) owns the bridge and hired nonparty Tappan Zee Constructors, LLC (hereinafter TZC), Lazo's employer, as the general contractor for the project.
On the day of his accident, Lazo was working inside a "jump box," which is "an enclosed work space for the workers to make forms to hold wet concrete that was to be poured into them to build the towers" of the bridge. To complete his work, Lazo would move across a 17-foot-long, 8-inch-wide beam suspended along the interior of the jump box approximately 8 feet above a platform within the jump box. To facilitate safe movement across the beam, TZC provided Lazo with a full-body harness that was equipped with two safety lines. Lazo would use a hook at the end of each safety line to secure it to various anchorage points on another horizontal beam located above [*2]him. To move across the beam, workers were instructed to unhook the first safety line from the first anchorage point, connect it to a second anchorage point, and then repeat this process with the second safety line. This effectively allowed workers to move along the beam while always having at least one safety line attached to an anchorage point.
According to Lazo, he was in the process of transferring these safety lines between anchorage points when he lost his footing and fell to the platform below. Lazo testified at his deposition that in the moments before his fall, he had removed the first safety line from the first anchorage point, but he fell before he could attach it to the second anchorage point. Lazo did not know how the second safety line became detached or why it failed to prevent his fall.
Lazo, and his wife suing derivatively, commenced this claim, inter alia, to recover damages for personal injuries against NYSTA and another defendant, alleging, among other things, violations of Labor Law §§ 240(1) and 241(6). The Labor Law § 241(6) cause of action was predicated, inter alia, on a violation of 12 NYCRR 23-1.7(b)(1) and (2). Following the completion of discovery, the claimants moved for summary judgment on the issue of liability on the Labor Law §§ 240(1) and 241(6) causes of action insofar as asserted against NYSTA, and NYSTA moved for summary judgment dismissing the claim insofar as asserted against it. In an order dated March 13, 2019, the Court of Claims, among other things, denied the claimants' motion and granted that branch of NYSTA's motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.7(b). The claimants appeal.
Under Labor Law § 240(1), "[a]ll contractors and owners . . . shall furnish or erect, or cause to be furnished or erected . . . scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to [construction workers employed on the premises]" (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 499-500). To recover under the statute, the injured plaintiff "must have suffered an injury as 'the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential'" (Soto v J. Crew Inc., 21 NY3d 562, 566, quoting Runner v New York Stock Exch., Inc., 13 NY3d 599, 603). The statute "imposes a nondelegable duty upon owners and contractors to provide safety devices necessary for workers subjected to elevation-related risks in circumstances specified by the statute" (Collymore v 1895 WWA, LLC, 113 AD3d 720, 721). However, "[t]he availability of a particular safety device will not preclude liability 'if the device alone is not sufficient to provide safety without the use of additional precautionary devices or measures'" (Yaucan v Hawthorne Vil., LLC, 155 AD3d 924, 925, quoting Nimirovski v Vornado Realty Trust Co., 29 AD3d 762, 762).
Here, the Court of Claims should have granted that branch of the claimants' motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against NYSTA. Lazo's deposition testimony established, prima facie, that his accident was within the purview of Labor Law § 240(1), since the beam from which he fell was being used as the functional equivalent of a scaffold (see Ramirez v Metropolitan Transp. Auth., 106 AD3d 799, 799-800; Ventimiglia v Thatch, Ripley & Co., LLC, 96 AD3d 1043, 1044-1046). Lazo's deposition testimony also established, prima facie, that his second safety line was attached to an anchorage point but was nevertheless insufficient to prevent him from falling (see Masmalaj v New York City Economic Dev. Corp., 197 AD3d 1292, 1293).
In opposition, NYSTA failed to raise a triable issue of fact as to whether a statutory violation occurred and whether Lazo's conduct was the sole proximate cause of his accident (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289 n 8). Contrary to NYSTA's contention, Lazo's deposition testimony did not establish that he failed to use both safety lines at the time of his fall. Moreover, an affidavit of Jonathan Staley, a TZC employee who was assigned to investigate Lazo's accident, and an affidavit of Steven Pietropaolo, a forensic engineering expert, were insufficient to raise a triable issue of fact. While Staley asserted that he inspected the work area and that as a result of this inspection, he found that both the safety harness and safety lines were [*3]adequate and free from defects, he did not describe the manner in which Lazo's safety gear was inspected, and the condition of Lazo's safety gear was not noted in the investigation report that was prepared by Staley on the day of the accident (see Cruz v Roman Catholic Church of St. Gerard Magella in Borough of Queens in the City of N.Y., 174 AD3d 782, 783-784). As to the Pietropaolo affidavit, the claimants correctly contend that Pietropaolo failed to address the adequacy of the two safety lines and did not state whether he had inspected the work site or any of the safety gear that Lazo was wearing on the day of his accident (see Miller v Long Is. Light. Co., 166 AD2d 564, 565; cf. Pereira v Quogue Field Club of Quogue, Long Is., 71 AD3d 1104, 1105-1106).
The Court of Claims properly granted that branch of NYSTA's motion which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated on a violation of 12 NYCRR 23-1.7(b) insofar as asserted against it. "'Labor Law § 241(6) imposes on owners and contractors a nondelegable duty to provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed'" (Graziano v Source Bldrs. & Consultants, LLC, 175 AD3d 1253, 1258, quoting Perez v 286 Scholes St. Corp., 134 AD3d 1085, 1086). "To prevail on a cause of action alleging a violation of Labor Law § 241(6), a plaintiff must establish the violation of an Industrial Code provision that sets forth specific, applicable safety standards, and that his or her injuries were proximately caused by such Industrial Code violation" (Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d 717, 718; see Aragona v State of New York, 147 AD3d 808, 809). Here, NYSTA established, prima facie, that 12 NYCRR 23-1.7(b)(1) was inapplicable to Lazo's accident (see Ramirez v Metropolitan Transp. Auth., 106 AD3d at 801; Allan v DHL Express [USA], Inc., 99 AD3d 828, 831), and that no violation of 12 NYCRR 23-1.7(b)(2) had occurred (see Reyes v Astoria 31st St. Devs., LLC, 190 AD3d 872, 875; Gurewitz v City of New York, 175 AD3d 658, 663). In opposition, the claimants failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
The claimants' remaining contentions are without merit.
BARROS, J.P., RIVERA, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court