Mitchell v City of New York (2025 NY Slip Op 06700)

Mitchell v City of New York

2025 NY Slip Op 06700

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
PHILLIP HOM, JJ.

2022-04622
 (Index No. 705887/18)

[*1]Brian E. Mitchell, appellant-respondent,
v
City of New York, et al., respondents-appellants (and a third-party action).

Guiliano McDonnell & Perrone, LLP, Mineola, NY (Nicholas P. Guiliano of counsel), for appellant-respondent.
Lyons & Flood, LLP, Great Neck, NY (Edward P. Flood and Jon Werner of counsel), for respondents-appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendants cross-appeal, from an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), dated May 13, 2022. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 241(6) and denied those branches of the plaintiff's cross-motion which were for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6). The order, insofar as cross-appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff was employed as a dock builder for a project in Flushing Bay, near the World's Fair Marina, which was owned and operated by the defendants, and was tasked with removing old floating dock sections, referred to as "finger piers," to allow for dredging in a marina. The finger piers were approximately 30 feet long and 4 feet wide, and they floated on the water on large plastic pontoons. The finger piers were not attached to the floor bed beneath but were attached at one end to a floating dock and the other end to a piling. The finger piers extended from the dock at a perpendicular angle, and the dock and the finger piers were level with one another, approximately 1½ to 2 feet above the surface of the water. The plaintiff allegedly was injured when he lost his balance after placing his knee on an unsecured finger pier while reaching for a second finger pier. The plaintiff commenced this action to recover damages for personal injuries, asserting, inter alia, causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6).
The defendants moved, among other things for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6). The plaintiff cross-moved, inter alia, for summary judgment on the issue of liability on those causes of action. By order dated May 13, 2022, the Supreme Court, among other things, denied those branches of the plaintiff's [*2]cross-motion and that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1). The court granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 241(6). The plaintiff appeals, and the defendants cross-appeal.
"Labor Law § 200 is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work" (Freyberg v Adelphi Univ., 221 AD3d 658, 659 [internal quotation marks omitted]; see Khan v Khan, 197 AD3d 1165, 1167; Ortega v Puccia, 57 AD3d 54, 61). "Where, as here, the allegations involve a dangerous or defective condition on the premises where the work was performed, a property owner will be held liable if it either created a dangerous or defective condition, or had actual or constructive notice of it" (Lupo v Caruso, 237 AD3d 923, 923 [internal quotation marks omitted]; see Ramos v Kent & Wythe Owners, LLC, 236 AD3d 693, 697). However, "'[w]here the condition at issue is both open and obvious and not inherently dangerous, a defendant is not liable under either a theory of common law negligence or Labor Law § 200'" (Ramos v Kent & Wythe Owners, LLC, 236 AD3d at 697, quoting Sanchez v BBL Constr. Servs., LLC, 202 AD3d 847, 849-850).
Here, the defendants met their burden of demonstrating, prima facie, that they did not create the allegedly dangerous condition and that it was open and obvious and not inherently dangerous. In support of their motion, the defendants submitted, inter alia, transcripts of the plaintiff's deposition testimony and hearing pursuant to General Municipal Law § 50-h and an affidavit of a project manager, which demonstrated that the defendants did not create the allegedly dangerous condition and that the allegedly dangerous condition was open and obvious and not inherently dangerous (see Calle v City of New York, 212 AD3d 763, 765; Sanchez v BBL Constr. Servs., LLC, 202 AD3d at 850). In opposition, the plaintiff failed to raise a triable issue of fact (see Khan v Khan, 197 AD3d at 1168). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200. For the same reasons, the court properly denied that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability on that cause of action (see Lupo v Caruso, 237 AD3d at 924; Ramos v Kent & Wythe Owners, LLC, 236 AD3d at 697).
Labor Law § 241(6) requires owners to "provide reasonable and adequate protection and safety for workers and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501-502 [internal quotation marks omitted]; see Fuentes v 257 Toppings Path, LLC, 225 AD3d 746, 749). "In order to establish liability under Labor Law § 241(6), a plaintiff must 'establish the violation of an Industrial Code provision which sets forth specific safety standards,' and which 'is applicable under the circumstances of the case'" (Laliashvili v Kadmia Tenth Ave. SPE, LLC, 221 AD3d 988, 991, quoting Aragona v State of New York, 147 AD3d 808, 809).
Here, "both the hazardous opening contemplated by 12 NYCRR 23-1.7(b)(1) and the safety conditions mandated therein are clearly inapplicable on the facts presented" (Dooley v Peerless Importers, Inc., 42 AD3d 199, 206; see Freyberg v Adelphi Univ., 221 AD3d at 659). Further, the other Industrial Code provisions relied on by the plaintiff, 12 NYCRR 23-1.15, 23-5.1(b), (c), and (j), and 23-1.22(c), are inapplicable (see Davila v City of New York, 232 AD3d 580, 583; Torres v Accumanage, LLC, 210 AD3d 718, 723; Torres v New York City Hous. Auth., 199 AD3d 852, 854; Dooley v Peerless Importers, Inc., 42 AD3d at 206). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6), and properly denied that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability on that cause of action.
Labor Law § 240(1) generally requires that owners and general contractors involved in construction or demolition must provide to employees "scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed [*3]and operated as to give proper protection to a person" (see Ramos v Kent & Wythe Owners, LLC, 236 AD3d at 695; Lazo v New York State Thruway Auth., 204 AD3d 774, 775). "'The statute is intended to protect workers from gravity-related occurrences stemming from the inadequacy or absence of enumerated safety devices'" (Nucci v County of Suffolk, 204 AD3d 817, 818, quoting Ortega v Puccia, 57 AD3d at 58). Where a worker is performing work on a floating platform, Labor Law § 240(1) is implicated, as the work involves an elevation-related risk of falling into water (see Harkin v County of Nassau, 121 AD3d 942, 943; Dooley v Peerless Importers, Inc., 42 AD3d at 203-204).
Here, the parties' submissions failed to eliminate triable issues of fact as to the cause of action alleging a violation of Labor Law § 240(1), and the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing that cause of action and that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability on that cause of action (see Laliashvili v Kadmia Tenth Ave. SPE, LLC, 221 AD3d at 990-991; Nucci v County of Suffolk, 204 AD3d at 820-821). The plaintiff's deposition testimony that he was ordered by his supervisor to continue working after a boat they had been using as a work platform to remove the finger piers temporarily left was directly rebutted by an affidavit of his supervisor, who attested that he told the plaintiff to take a break and wait for the boat to return. Contrary to the plaintiff's contention, the court providently exercised its discretion in considering the affidavit of the supervisor, as the plaintiff was aware of the supervisor's existence, the affidavit was provided prior to the note of issue being filed, and there was no evidence that the defendants' failure to disclose the supervisor as a witness was willful (see Edwards v Freedom Church of Revelation, 230 AD3d 740, 741-742; Yax v Development Team, Inc., 67 AD3d 1003, 1004).
Finally, the plaintiff's contention that the defendants' motion was premature is without merit, because he failed to show that additional discovery may lead to relevant evidence or that facts essential to opposing the motion were exclusively within the knowledge and control of the defendants (see Mitchell v 148th St. Jamaica Condominium, 221 AD3d 596, 597).
DILLON, J.P., CHRISTOPHER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court