■ JAMES FAIR, Respondent, v 431 FIFTH AVENUE ASSOCIATES, Defendant, and FLUSHING IRONWORKS CORP., Defendant and Third-Party Plaintiff-Appellant. PRACTICAL CONSTRUCTION LTD., Third-Party Defendant-Appellant. [670 NYS2d 359] —In an

action to recover damages for personal injuries, (1) the defendant second third-party plaintiff Flushing Ironworks Corp. appeals from so much of an order of the Supreme Court, Kings County (Vinik, J.), dated May 21, 1996, as denied that branch of its cross motion which was for summary judgment dismissing the plaintiff's causes of action asserted under Labor Law §§ 200 and 241 (6), and (2) the second third-party defendant Practical Construction Ltd. separately appeals, as limited by its brief, from so much of the same order as denied that branch of the cross motion which was for summary judgment dismissing the plaintiff's cause of action asserted under Labor Law § 241 (6).

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The Supreme Court properly denied that branch of the cross motion of the subcontractor Flushing Ironworks Corp. which was to dismiss the plaintiff's causes of action under Labor Law § 200 and common-law negligence, since issues of fact exist as to whether it controlled or supervised the work site where the plaintiff was injured (*see, Lombardi v Stout*, 80 NY2d 290, 295; *Paone v Westwood Vil.*, 178 AD2d 518; *Zuckerman v City of New York*, 49 NY2d 557, 562).

Further, we agree with the Supreme Court that questions of fact exist with respect to an alleged violation of Labor Law § 241 (6). To support a claim under Labor Law § 241 (6), the plaintiff must allege violations of "concrete" specifications of the Industrial Code (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 878). Here, the plaintiff alleged that he was injured when two fellow workers, without warning, released a hoisting rope that all three men were using to lift one end of a 25-foot long steel beam. The plaintiff, who continued to hold the rope after his co-workers suddenly released it, was pulled forward, and sustained injuries upon colliding into a scaffold post. Pursuant to 12 NYCRR 23-2.3 (a) (1), "[d]uring the final placing of structural steel members, loads shall not be released from hoisting ropes until such members are securely fastened in place". Under these circumstances, questions of fact exist as to whether the load was released before the beam was properly secured, in violation of 12 NYCRR 23-2.3 (a). Thompson, J. P., Sullivan, Joy and Florio, JJ., concur.