■ OSCAR YOUNG, Respondent, v BUFFALO COLOR CORPORATION, Appellant and Third-Party Plaintiff-Appellant. DARIN CONSTRUCTION ENTERPRISES, Third-Party Defendant-Appellant-Respondent. [680 NYS2d 385] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied that part of the motion of defendant, Buffalo Color Corporation (BCC), and that part of the cross motion of third-party defendant, Darin Construction Enterprises (Darin), for summary judgment dismissing plaintiff's common-law negligence and Labor Law §§ 200 and 241 (6) claims. With respect to the common-law negligence and Labor Law § 200 claims, factual issues exist whether BCC exercised supervisory control over the manner in which the support iron was hoisted and held into place (*see, Rizzuto v Wenger Contr. Co.,* 91 NY2d 343,

353). With respect to the section 241 (6) claim, factual issues exist whether BCC violated 12 NYCRR 23-2.3, which sets forth concrete specifications concerning the hoisting of structural steel components (*see, Fair v 431 Fifth Ave. Assocs.*, 249 AD2d 262), and whether such violation was a proximate cause of plaintiff's accident (*see, Ares v State of New York*, 80 NY2d 959, 960; *Gonzalez v Stern's Dept. Stores*, 211 AD2d 414, 415).

The court also properly denied that part of the motion of BCC for summary judgment on its third-party complaint, which asserts causes of action for contribution and common-law indemnification and for breach of contract based on Darin's failure to provide insurance. Because factual issues exist regarding the liability of BCC for common-law negligence and violations of Labor Law §§ 200 and 241 (6), factual issues likewise exist with respect to the cause of action for contribution and common-law indemnification. The cause of action for failure to provide insurance is based upon a purchase order that is not signed by Darin, and BCC submitted no evidence that the document setting forth the precise nature of Darin's obligation was in fact appended to that purchase order. The record establishes that there were no verbal discussions concerning Darin's insurance obligation, and BCC failed to submit evidence of alleged communications between BCC and Darin by facsimile transmission. Thus, BCC failed to meet its initial burden of establishing that Darin agreed to procure insurance naming BCC as an additional insured (*see, Belile v CAE-Link Corp.*, 244 AD2d 996). (Appeals from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Green, J. P., Pigott, Jr., Balio and Fallon, JJ.