■ THOMAS C. KINIRONS, Appellant, v TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA, Also Known as TIAA, et al., Respondents. [828 NYS2d 293]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered September 2, 2005, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The motion court properly dismissed the Labor Law § 241 (6) claim. Plaintiff testified that the tools over which he tripped belonged to an electrician who was mounting conduit on a machine room wall. The tools, which, according to plaintiff's description, had been placed just to the right of the electrician, were positioned for and "consistent with" the work being performed and were not "scattered" within the meaning of Industrial Code (12 NYCRR) § 23-1.7 (e) (2) (*see Schroth v New York State Thruway Auth.*, 300 AD2d 1044 [2002]). Plaintiff's reliance on subdivision (e) (1) of the same regulation is misplaced inasmuch as plaintiff was not injured in a "passageway" (*see id.*).

The motion court also properly dismissed the Labor Law § 200 and common-law negligence claims, since no triable issue of fact exists as to whether either defendant owner or defendant general contractor had supervision and control over the injury-producing work (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]). We note as well the absence of evidence that either defendant had actual or constructive notice of the alleged hazardous condition.

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Friedman, J.P., Marlow, Sullivan, Nardelli and Gonzalez, JJ.