■ GERARDO VITAL, Respondent, v CITY OF NEW YORK et al., Defendants, RY MANAGEMENT CO., INC., et al., Appellants, and MILLENIUM RESTORATION CORP., Respondent. [842 NYS2d 363]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.),

entered March 16, 2006, which, to the extent appealed from, denied the cross motion for summary judgment by defendants Ry Management and Keith Plaza to dismiss plaintiff's claims under Labor Law §§ 200 and 241 (6), and for contractual indemnity against defendant Millenium Restoration, unanimously modified, on the law, and summary judgment granted as to defendants Ry Management and Keith Plaza on the remaining Labor Law claims, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them.

Plaintiff, an employee of subcontractor LP General Contracting LP, brought this Labor Law action against defendants Ry Management, the manager of an apartment complex at 2475 Southern Boulevard in the Bronx, and Keith Plaza, the owner of the premises (collectively, the owners), for injuries he allegedly sustained when he slipped and fell on a sandwich wrapper and/or wet tar on the roof of the premises. The owners hired Millenium Restoration to replace the roof at the premises, and Millenium subsequently hired LP to perform that task. Pursuant to the contract between the owners and Millenium, the latter agreed to indemnify and hold harmless the owners and their agents from any liability arising from negligence on the part of Millenium and its agents in the performance of their work, except for negligence solely by the owners or their agents.

Plaintiff alleged, inter alia, that the owners violated Labor Law §§ 200, 240 (1) and § 241 (6). Supreme Court, inter alia, granted the owners' cross motion for summary dismissal of the section 240 (1) claim, denied their motions for summary judgment dismissing the claims under sections 200 and 241 (6), and denied their cross motion for summary judgment on their cross claim for common-law and contractual indemnification against Millenium.

The court erred in denying the owners' cross motion for summary judgment dismissing the Labor Law § 200 claim, since there was no evidence that the owners supervised or controlled plaintiff's work, or created or knew of the allegedly hazardous conditions on the roof (*see Kinirons v Teachers Ins. & Annuity Assn. of Am.*, 34 AD3d 237 [2006]).

The court also incorrectly denied the owners' cross motion for summary judgment dismissal of the Labor Law § 241 (6) claim, since there was no issue of fact as to whether there was a violation of Industrial Code (12 NYCRR) § 23-1.7 (e) (2). The sandwich wrapper on which plaintiff allegedly slipped does not qualify as "debris" under that provision of the Code (*cf. Canning v Barneys N.Y.*, 289 AD2d 32, 35 [2001]). There is no evi-

dence of record that the sandwich wrapper was anything more than a transient piece of paper; it did not amount to an "accumulation . . . of dirt and debris" sufficient to constitute a violation of the Code. Any tar that accumulated on the roof was a product of the very activity that plaintiff was performing, and, as such, it too did not constitute dirt or debris within the meaning of the Code.

We have considered plaintiff's remaining claims and find them to be without merit. Concur—Andrias, J.P., Saxe, Nardelli, Williams and Catterson, JJ.