—Order, Supreme Court, New York County (Paul G. Feinman, J.), entered June 29, 2011, which, to the extent appealed from as limited by the briefs, granted defendants’ motion for summary judgment dismissing plaintiffs Labor Law § 241 (6) claim, unanimously modified, on the law, the motion denied with respect to the claim based on an alleged violation of Industrial Code (12 NYCRR) § 23-1.7 (e) (1), and otherwise affirmed, without costs.
Contrary to the motion court’s conclusion, plaintiffs deposi *466 tion testimony raised an issue of fact as to whether he fell in a “passageway” or an open work area (Costabile v Damon G. Douglas Co., 66 AD3d 436 [1st Dept 2009]; compare O’Sullivan v IDI Constr. Co., Inc., 28 AD3d 225, 225-226 [1st Dept 2006], affd 7 NY3d 805 [2006]).
We agree with the motion court that Industrial Code (12 NYCRR) § 23-1.7 (e) (2) does not apply because the pipe and pipe fittings over which plaintiff fell were not “debris,” but rather were “consistent with” the work being performed in the room (Burkoski v Structure Tone, Inc., 40 AD3d 378, 383 [1st Dept 2007]; Kinirons v Teachers Ins. & Annuity Assn. of Am., 34 AD3d 237, 238 [1st Dept 2006]).
We have considered plaintiffs remaining arguments and find them unavailing.
Concur—Tom, J.E, Mazzarelli, Moskowitz and Abdus-Salaam, JJ.