■ JORGE GUALLPA, Respondent-Appellant, v CANARSIE PLAZA, LLC, et al., Appellants-Respondents, et al., Defendants. (And Two Third-Party Actions.) [42 NYS3d 293]—

In an action to recover damages for personal injuries, the defendants Canarsie Plaza, LLC, ACRS, Inc., and FJM-Ferro, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated

September 30, 2014, as denied that branch of their motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against them, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as denied his cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against those defendants and granted those branches of the motion of those defendants which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against them, and the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against the defendant FJM-Ferro, Inc.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendants Canarsie Plaza, LLC, ACRS, Inc., and FJM-Ferro, Inc., which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against them, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof granting that branch of the motion of the defendants Canarsie Plaza, LLC, ACRS, Inc., and FJM-Ferro, Inc., which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241 (6) as was based on 12 NYCRR 23-2.3 (a) (1) insofar as asserted against them, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as cross-appealed from, without costs or disbursements.

The plaintiff allegedly was injured while working as an ironworker for a subcontractor, GI Iron Works, Inc. (hereinafter GI), at a construction site owned by Canarsie Plaza, LLC (hereinafter Canarsie), when he was standing on a ladder installing nuts and bolts into an elevated steel beam. GI had been hired by the contractor FJM-Ferro, Inc. (hereinafter FJM), to perform the structural steel work. At the time of the accident, the plaintiff's foreman was operating a hi-lo forklift on the ground, and the machine either struck or pushed an elevated steel beam that was connected to the steel beam that the plaintiff was working with, causing the steel beam to move and pin the plaintiff's left elbow against a concrete wall that was next to the steel beam.

The plaintiff commenced this action against, among others, Canarsie, FJM, and ACRS, Inc. (hereinafter ACRS), which

acted as Canarsie's agent at the construction site (hereinafter collectively the moving defendants), alleging violations of Labor Law §§ 200, 240 (1) and 241 (6), and common-law negligence. The moving defendants sought summary judgment dismissing the complaint insofar as asserted against them, and the plaintiff cross-moved for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action. The Supreme Court denied the relief sought in the motion and cross motion with respect to the Labor Law § 240 (1) cause of action. The court also granted those branches of the moving defendants' motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 241 (6) and 200 insofar as asserted against them. The moving defendants appeal, and the plaintiff cross-appeals.

Labor Law § 240 (1) " 'was designed to provide exceptional protection for workers against the special hazards which stem from a work site that is either elevated or positioned below the level where materials are hoisted or secured' " (*Niewojt v Nikko Constr. Corp.*, 139 AD3d 1024, 1026-1027 [2016] [internal quotation marks omitted], quoting *La Veglia v St. Francis Hosp.*, 78 AD3d 1123, 1126 [2010]; *see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502 [1993]). Its purpose is "to protect construction workers not from routine workplace risks, but from the pronounced risks arising from construction work site elevation differentials" (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603 [2009]). Merely because "a worker is injured while working above ground does not ipso facto mean that the injury resulted from an elevation-related risk contemplated by section 240 (1) of the Labor Law" (*Scharff v Sachem Cent. School Dist. at Holbrook*, 53 AD3d 538, 538 [2008]; *see Striegel v Hillcrest Hgts. Dev. Corp.*, 100 NY2d 974, 977 [2003]).

Here, in support of their motion for summary judgment, the moving defendants established, prima facie, that the plaintiff's accident did not involve a gravity-related or elevation-related hazard (*see Nicometi v Vineyards of Fredonia, LLC*, 25 NY3d 90, 99 [2015]; *Torres v City of New York*, 127 AD3d 1163, 1166 [2015]; *Oakes v Wal-Mart Real Estate Bus. Trust*, 99 AD3d 31 [2012]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the moving defendants' motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against them, and properly denied the plaintiff's cross motion for summary judgment on

the issue of the liability of the moving defendants on that cause of action.

Labor Law § 241 (6) imposes on owners and contractors a nondelegable duty to "provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" (*Lopez v New York City Dept. of Envtl. Protection*, 123 AD3d 982, 983 [2014]). As a predicate to a Labor Law § 241 (6) cause of action, a plaintiff must allege a violation of a concrete specification promulgated by the Commissioner of the Department of Labor in the Industrial Code (*see Misicki v Caradonna*, 12 NY3d 511, 515 [2009]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d at 505; *Perez v 286 Scholes St. Corp.*, 134 AD3d 1085, 1086 [2015]).

Here, the Supreme Court properly granted those branches of the moving defendants' motion which were for summary judgment dismissing, insofar as asserted against them, so much of the cause of action alleging Labor Law § 241 (6) violations premised upon three of the enumerated Industrial Code provisions. First, 12 NYCRR 23-9.2 (b) (1) is merely a general safety standard that does not give rise to a nondelegable duty under Labor Law § 241 (6) (*see Abelleira v City of New York*, 120 AD3d 1163, 1165 [2014]; *Gonzalez v Perkan Concrete Corp.*, 110 AD3d 955, 958 [2013]; *Scott v Westmore Fuel Co., Inc.*, 96 AD3d 520, 521 [2012]; *Hricus v Aurora Contrs., Inc.*, 63 AD3d 1004, 1005 [2009]; *Berg v Albany Ladder Co., Inc.*, 40 AD3d 1282, 1285 [2007], *affd* 10 NY3d 902 [2008]). Second, forklifts are expressly exempted from the safety provisions of 12 NYCRR 23-6.1 (c) and (d), and a forklift was being used at the time of the plaintiff's accident (*see Martinez v 342 Prop. LLC*, 128 AD3d 408, 409 [2015]). Third, 12 NYCRR 23-1.5 (b) serves to amplify other provisions of the Industrial Code that require a designated individual to perform or supervise work, and thus does not provide an implementing regulation upon which to predicate a Labor Law § 241 (6) cause of action (*see Smith v Homart Dev. Co.*, 237 AD2d 77, 80 [1997]; *see generally Sharrow v Dick Corp.*, 233 AD2d 858, 860-861 [1996]).

However, the Supreme Court erred in directing the dismissal of so much of that cause of action as was based on an alleged violation of 12 NYCRR 23-2.3 (a) (1) insofar as asserted against the moving defendants. The evidence they submitted failed to establish, prima facie, that, prior to the plaintiff's accident, a crane "securely fastened in place" the structural steel beams that pinned the plaintiff's elbow against the wall (*see Cardenas v BBM Constr. Corp.*, 133 AD3d 626, 628 [2015]; *Young v Buf-*

*falo Color Corp.*, 255 AD2d 920, 920-921 [1998]; *Fair v 431 Fifth Ave. Assoc.*, 249 AD2d 262, 263 [1998]). They also failed to demonstrate that 12 NYCRR 23-2.3 (a) (1) does not apply if hoisting ropes were used before the accident, but were not used at the time of the alleged accident (*cf. Timmons v Barrett Paving Materials, Inc.*, 83 AD3d 1473, 1475 [2011]). Accordingly, the moving defendants failed to demonstrate, prima facie, that this section was inapplicable, that the section was applicable but not violated, or that the alleged violation of that section was not a proximate cause of the plaintiff's injuries, and that branch of the moving defendants' motion should have been denied regardless of the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The Supreme Court properly granted that branch of the moving defendants' motion which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against FJM. To be held liable under Labor Law § 200 for injuries arising from the manner in which work is performed, a defendant must have the authority to exercise supervision and control over the work (*see Lombardi v Stout*, 80 NY2d 290, 295 [1992]; *Hernandez v Pappco Holding Co., Ltd.*, 136 AD3d 981, 982 [2016]; *Torres v City of New York*, 127 AD3d at 1165; *Gallello v MARJ Distribs., Inc.*, 50 AD3d 734, 735 [2008]). " 'A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed' " (*Torres v Perry St. Dev. Corp.*, 104 AD3d 672, 676 [2013], quoting *Ortega v Puccia*, 57 AD3d 54, 62 [2008]). " '[T]he right to generally supervise the work, .stop the contractor's work if a safety violation is noted, or to ensure compliance with safety regulations and contract specifications is insufficient to impose liability under Labor Law § 200 or for common-law negligence' " (*Banscher v Actus Lend Lease, LLC*, 132 AD3d 707, 709 [2015], quoting *Gasques v State of New York*, 59 AD3d 666, 668 [2009], *affd* 15 NY3d 869 [2010]).

The moving defendants established, prima facie, that FJM did not have the authority to exercise supervision or control over the injury-producing work, and that GI exercised control and supervision over the injury-producing work. In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's deposition testimony established only that FJM exercised general supervision over the construction site. Contrary to the plaintiff's contention, FJM's contract with Canarsie did not provide FJM with the authority to control the structural steel

work that allegedly caused his injuries. Moreover, contrary to the plaintiff's contention, "when the manner of work is at issue, 'no liability will attach to [a contractor] solely because [it] may have had notice of the allegedly unsafe manner in which work was performed' " (*Ortega v Puccia*, 57 AD3d at 61, quoting *Dennis v City of New York*, 304 AD2d 611, 612 [2003]). Leventhal, J.P., Miller, LaSalle and Brathwaite Nelson, JJ., concur.