Mondragon-Moreno v Sporn (2020 NY Slip Op 08056)





Mondragon-Moreno v Sporn


2020 NY Slip Op 08056


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2018-13635
 (Index No. 6810/15)

[*1]Martin Mondragon-Moreno, respondent,
v
Israel Sporn, et al., defendants/third-party plaintiffs-appellants, et al., defendant; JBR Carpenters Incorporated, third-party defendant-appellant.


O'Toole Scrivo Fernandez Weiner Van Lieu, LLC, New York, NY (David M. Chaise of counsel), for defendants/third-party plaintiffs-appellants.
Lewis Johs Avallone Aviles, LLP, Islandia, NY (Jason T. Katz of counsel), for third-party defendant-appellant.
Cherny & Podolsky, PLLC (Elefterakis, Elefterakis & Panek, New York, NY [Oliver B. Tobias], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants/third-party plaintiffs and the third-party defendant separately appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated September 14, 2018. The order, insofar as appealed from by the defendants/third-party plaintiffs, denied those branches of their motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them. The order, insofar as appealed from by the third-party defendant, denied those branches of its motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against the defendants/third-party plaintiffs.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs payable to the appellants appearing separately and filing separate briefs, those branches of the motion of the defendants/third-party plaintiffs which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them is granted, and those branches of the motion of the third-party defendant which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against the defendants/third-party plaintiffs is granted.
On March 11, 2015, the plaintiff, an employee of the third-party defendant, JBR Carpenters Incorporated (hereinafter JBR), was working on a construction project at a home owned by the defendants/third-party plaintiffs, Israel Sporn and Shoshana Sporn (hereinafter together the Sporns). The plaintiff, while standing on an elevated platform that was level with the second floor of the home, attempted to use an A-frame ladder to get down to ground level. While the plaintiff [*2]was climbing down the ladder, it slipped out from under him, causing him to fall to the ground, and sustain injuries.
The plaintiff then commenced this action against the Sporns and another defendant, asserting causes of action under Labor Law §§ 200, 240(1), 241(6), and common-law negligence. The Sporns interposed an answer and commenced a third-party action against JBR asserting, inter alia, a cause of action for contractual indemnification. Following discovery, the Sporns moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them. JBR subsequently moved for summary judgment dismissing the complaint insofar as asserted against the Sporns, which would result in the dismissal of the third-party complaint. In an order dated September 14, 2018, the Supreme Court, inter alia, denied those branches of the Sporns' and JBR's respective motions which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against the Sporns. The Sporns and JBR separately appeal.
"Labor Law § 200 is a codification of the common-law duty of owners, contractors, and their agents to provide workers with a safe place to work" (Doto v Astoria Energy II, LLC, 129 AD3d 660, 663; see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352). "Cases involving Labor Law § 200 fall into two broad categories, namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (Torres v City of New York, 127 AD3d 1163, 1165). Where an accident was caused by the manner in which the work was performed, "recovery against a property owner cannot be had 'unless it is shown that the [owner] had the authority to supervise or control the performance of the work'" (Lazo v Ricci, 178 AD3d 811, 813, quoting Ortega v Puccia, 57 AD3d 54, 61). Conversely, "[w]here a plaintiff's injuries stem not from the manner in which the work was being performed, but, rather, from a dangerous condition on the premises, a landowner may be liable under Labor Law § 200 if it 'either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition'" (Rojas v Schwartz, 74 AD3d 1046, 1047, quoting Ortega v Puccia, 57 AD3d at 61).
Here, the plaintiff alleged that the dangerous or defective premises condition was "melted snow and/or ice" which caused the ladder to slip. However, the plaintiff testified at his deposition that on the day of his accident, there was no snow or ice in the backyard where he was working.
Further, the Sporns did not have the authority to direct or control the manner and method of the work (see Lombardi v Stout, 80 NY2d 290, 295; Rakowicz v Fashion Inst. of Tech., 56 AD3d 747, 748). The transcripts of the deposition testimony submitted by JBR and the Sporns established that the Sporns did not interact with JBR's employees during the construction, that the work was only subject to the Sporns' approval upon completion, rather than on an ongoing basis, and that the Sporns did not provide any equipment or ladders to JBR or the plaintiff (see Lazo v Ricci, 178 AD3d at 812-813). In opposition, plaintiff offered speculative assertions which failed to raise a triable issue of fact (see DiSanto v Spahiu, 169 AD3d 861, 863; cf. Chowdhury v Rodriguez, 57 AD3d 121, 132). Accordingly, the Supreme Court should have granted those branches of the separate motions of the Sporns and JBR which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against the Sporns (see Lombardi v City of New York, 175 AD3d 1521, 1522-1523; Ortega v Puccia, 57 AD3d at 63).
RIVERA, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court