Gallina v MTA Capital Constr. Co. (2021 NY Slip Op 02067)





Gallina v MTA Capital Constr. Co.


2021 NY Slip Op 02067


Decided on April 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 01, 2021

Before: Acosta, P.J., Kapnick, Webber, Kennedy, JJ. 


Index No. 157087/15 Appeal No. 13482 Case No. 2020-01706 

[*1]Vito Gallina et al., Plaintiffs-Respondents-Appellants,
v
MTA Capital Construction Company et al., Defendants-Appellants-Respondents.


Shaub, Ahmuty, Citrin & Spratt, Lake Success (Christopher Simone of counsel), for appellants-respondents.
Roura & Melamed, New York (Alexander J. Wulwick of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Lisa A. Sokoloff, J.), entered January 14, 2020, which, to the extent appealed from as limited by the briefs, granted defendants' summary judgment motion dismissing the Labor Law § 241(6) claim insofar as premised upon a violation of Industrial Code § 23-1.7(e)(1), and denied the motion as to Industrial Code § 23-1.7(e)(2), unanimously modified, on the law, to reinstate the Industrial Code § 23-1.7(e)(1) claim, and otherwise affirmed, without costs.
Defendants' contention that plaintiff's accident occurred in a storage room, unconnected to the ongoing construction, is not supported by the record. The details concerning the physical layout of the accident site are nearly impossible to discern from the evidence submitted. And while defense counsel repeatedly used the phrase "material room" in his questions to the witnesses, neither witness acceded to the existence of such a room. Defendants' own site safety manager, who walked the site daily, testified that he did not know of the existence of a material storage room, testifying instead that there were materials kept throughout the site, hoisted through street level holes to various points on the site (see Smith v Hines GS Props., Inc., 29 AD3d 433 [1st Dept 2006]; Canning v Barney's N.Y., 289 AD2d 32 [1st Dept 2001]; compare Dacchille v Metropolitan Life Ins. Co., 262 AD2d 149 [1st Dept 1999]). Therefore, the claim premised on Industrial Code § 23-1.7(e)(2), pertaining to tripping hazards in "working areas," was properly sustained.
The court, however, should not have dismissed the Labor Law § 241(6) claim premised upon Industrial Code § 23-1.7(e)(1), pertaining to tripping hazards in "passageways." Again, it cannot be said, based upon the vague and often inconsistent testimony in the record, that the area of plaintiff's fall was not a passageway (see Prevost v One City Block LLC, 155 AD3d 531 [1st Dept 2017]; Cumberland v Hines Interests Ltd. Partnership, 105 AD3d 465 [1st Dept 2013]; Costabile v Damon G. Douglas Co., 66 AD3d 436 [1st Dept 2009]). Defendants' arguments concerning a lack of notice are without merit. "Since an owner or general contractor's vicarious liability under section 241(6) is not dependent on its personal capability to prevent or cure a dangerous condition, the absence of actual or constructive notice sufficient to prevent or cure must also be irrelevant to the imposition of Labor Law § 241(6) liability" (Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352 [1998]; see Rubino v 330 Madison Co., LLC, 150 AD3d 603, 604 [1st Dept 2017]).
We have considered defendants' remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 1, 2021