Kefaloukis v Mayer (2021 NY Slip Op 04601)





Kefaloukis v Mayer


2021 NY Slip Op 04601


Decided on August 4, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 4, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
CHERYL E. CHAMBERS
BETSY BARROS, JJ.


2019-10438
 (Index No. 5167/16)

[*1]Hristos Kefaloukis, appellant, 
v
Nancy B. Mayer, etc., et al., respondents.


Sacco & Fillas, LLP, Astoria, NY (Albert R. Matuza, Jr., of counsel), for appellant.
Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Michael T. Reagan of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered April 8, 2019. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241(6).
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff worked as a carpenter for nonparty Chase Construction Company. On May 22, 2015, he was performing renovation work in a first-floor apartment in a residential building, which at the time was owned and managed by the defendants. The plaintiff allegedly tripped over a bucket of compound in the middle of the room while he was stepping back to look at a window he was framing therein. In April 2016, the plaintiff commenced this action against the defendants alleging common-law negligence and violations of, inter alia, Labor Law §§ 200 and 241(6). After discovery, the defendants moved, among other things, for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241(6). The Supreme Court, inter alia, granted those branches of the motion. The plaintiff appeals.
Labor Law § 200 codifies the common-law duty imposed on an owner or a general contractor to provide construction site workers with a safe place to work (see Sullivan v New York Athletic Club of City of N.Y., 162 AD3d 955, 958; LaRosa v Internap Network Servs. Corp., 83 AD3d 905, 908-909). Where a plaintiff's claims implicate the means and methods of the work, as in the case here, an owner or a contractor will not be held liable under Labor Law § 200 unless it had the authority to supervise or control the performance of the work (see Sullivan v New York Athletic Club of City of N.Y., 162 AD3d at 958). General supervisory authority to oversee the progress of the work is insufficient to impose liability (see id.; LaRosa v Internap Network Servs. Corp., 83 AD3d at 909; see also Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505).
Here, the defendants met their prima facie burden of demonstrating a lack of authority to supervise or control the plaintiff's work so as to subject them to liability under either Labor Law § 200 or common-law negligence. In support of their motion, the defendants submitted, among other [*2]things, transcripts of the deposition testimony of the plaintiff, as well of his coworker, a plasterer/painter who was working alongside him at the time of the accident. Their testimony demonstrated that, at the time of the accident and in the days prior thereto, decisions regarding the means and methods for placing the plaintiff's carpentry tools and the painting tools in the middle of the room where the work was being done, including the bucket of compound over which the plaintiff alleged he fell, were the responsibility of the plaintiff and his employer (see Sullivan v New York Athletic Club of City of N.Y., 162 AD3d at 958). The bucket of compound, over which the plaintiff claimed he fell, was one of the materials being used at the time of the subject accident.
"Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers" (Aragona v State of New York, 147 AD3d 808, 809 [internal quotation marks omitted]; see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343). "To establish liability under Labor Law § 241(6), a plaintiff or a claimant must demonstrate that his [or her] injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case" (Aragona v State of New York, 147 AD3d at 809). Here, both at the trial level and on appeal, the plaintiff alleged a violation of 12 NYCRR 23-1.7(e)(2), which requires that the "parts of floors, platforms and similar areas where persons work or pass" be kept free from accumulations of dirt, debris, scattered tools, materials, and sharp projections "insofar as may be consistent with the work being performed." In support of their motion, the defendants demonstrated that 12 NYCRR 23-1.7(e)(2) is inapplicable because the bucket of compound over which the plaintiff allegedly fell was among the tools that were positioned for and "consistent with" the work being performed and was not "scattered" within the meaning of the Industrial Code provision (see Kinirons v Teachers. Ins. & Annuity Assn. of Am., 34 AD3d 237, 238; Schroth v New York State Thruway Auth., 300 AD2d 1044, 1045). The plaintiff's reliance, on appeal, on subdivision (e)(1) of the same regulation is misplaced inasmuch as the plaintiff was not injured in a "passageway."
In opposition, the plaintiff failed to raise a triable issue of fact and did not demonstrate that the defendants' motion should be denied as premature pursuant to CPLR 3212(f). The plaintiff failed to adequately explain how further discovery might lead to relevant evidence or demonstrate that the facts necessary to oppose the motion were exclusively within the knowledge and control of the defendants (see CPLR 3212[f]; Yiming Zhou v 828 Hamilton, Inc., 173 AD3d 943; Cajas-Romero v Ward, 106 AD3d 850, 852).
Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241(6).
LASALLE, P.J., DILLON, CHAMBERS and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court