Deleo v JPMorgan Chase & Co. (2021 NY Slip Op 06320)





Deleo v JPMorgan Chase & Co.


2021 NY Slip Op 06320


Decided on November 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 16, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Mazzarelli, Moulton, Scarpulla, JJ. 


Index No. 156196/16 Appeal No. 14619 Case No. 2020-04412 

[*1]John Deleo et al., Plaintiffs-Appellants,
v
JPMorgan Chase & Co., et al., Defendants-Respondents.


Arye, Lustig & Sassower, P.C., New York (Mitchell J. Sassower of counsel), for appellants.
Milber Makris Plousadis & Seiden, LLP, Woodbury (Lorin A. Donnelly of counsel), for respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered October 26, 2020, which granted defendants' motion for summary judgment dismissing the complaint and denied plaintiffs' cross motion for summary judgment as to liability on the Labor Law § 241(6) claim, unanimously modified, on the law, to deny defendants' motion as to the Labor Law § 241(6) claim and the Labor Law § 200 and negligence claims as against defendants Plaza Construction Group, Inc. and Plaza Construction LLC (together, Plaza), and otherwise affirmed, without costs.
The record presents an issue of fact as to whether the bottle cap that caused the injured plaintiff's slip-and-fall accident on the construction site was part of an accumulation of debris within the meaning of Industrial Code (12 NYCRR) § 23-1.7(e), on which the Labor Law § 241(6) claim is predicated (see generally Colucci v Equitable Life Assur. Socy. of U.S., 218 AD2d 513, 514-515 [1st Dept 1995] [where the plaintiffslipped on food left on the floor of the work area he stated a claim based on a violation of Industrial Code § 23-1.7 (e); cf. Vital v City of New York, 43 AD3d 309, 310-311 [1st Dept 2007] [a transient sandwich wrapper on an exposed roof does not constitute an accumulation of debris under Industrial Code § 23-1.7 [e][2]).
Plaza failed to demonstrate, by submitting evidence of when the area was last cleaned or inspected before the injured plaintiff's accident, that the Labor Law § 200 and negligence claims should be dismissed as against it (see Ohadi v Magnetic Constr. Group Corp., 182 AD3d 474, 476 [1st Dept 2020]). Plaza presented only general testimony by its employees that the area was inspected daily and that debris was removed by laborers. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 16, 2021