Sanchez v BBL Constr. Servs., LLC (2022 NY Slip Op 00890)





Sanchez v BBL Constr. Servs., LLC


2022 NY Slip Op 00890


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2019-00306
 (Index No. 7148/16)

[*1]Jose W. Sanchez, plaintiff-respondent, 
v
BBL Construction Services, LLC, et al., defendants third-party plaintiffs-appellants-respondents, Joe Lombardo Plumbing & Heating of Rockland, Inc., defendant third-party defendant-appellant-respondent; D & J Concrete Corp., third-party defendant-respondent-appellant.


Molod Spitz & DeSantis, P.C., New York, NY (Alice Spitz and Marcy Sonneborn of counsel), for defendants third-party plaintiffs-appellants-respondents and defendant third-party defendant-appellant-respondent.
Black Marjieh & Sanford LLP, Elmsford, NY (Evan B. Rudnicki of counsel), for third-party defendant-respondent-appellant.
Latos Latos & Associates, P.C., Astoria, NY (Andrew Latos and Rubin Law, PLLC [Denise A. Rubin], of counsel), for plaintiff-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants third-party plaintiffs and the defendant third-party defendant appeal, and the third-party defendant cross-appeals, from an order of the Supreme Court, Nassau County (Anna Anzalone, J.), entered November 13, 2018. The order, insofar as appealed from, denied those branches of the motion of the defendants third-party plaintiffs and defendant third-party defendant which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241(6). The order, insofar as cross-appealed from, denied those branches of the motion of the third-party defendant which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241(6) insofar as asserted against the defendants third-party plaintiffs and for summary judgment dismissing the third-party complaint and all third-party cross claims insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed and cross-appealed from, on the law, with one bill of costs to the defendants third-party plaintiffs and defendant third-party defendant, payable by the plaintiff, and one bill of costs to the third-party defendant payable by the plaintiff, the defendants third-party plaintiffs, and defendant third-party defendant, appearing separately and filing separate briefs, those branches of the motion of the defendants third-party plaintiffs and the defendant third-party defendant which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241(6) are granted, and those branches of the motion of the third-party defendant which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor [*2]Law §§ 200 and 241(6) insofar as asserted against the defendants third-party plaintiffs and for summary judgment dismissing the third-party complaint and all third-party cross claims insofar as asserted against it are granted.
On December 22, 2015, the plaintiff, an employee of the third-party defendant, D & J Concrete Corp. (hereinafter D & J), allegedly was injured while working at a construction site in Rockland County owned by the defendants CRH Realty IX, LLC, and Crystal Run Healthcare, LLP (hereinafter together the CRH defendants). The plaintiff alleges that, while pouring a concrete floor, he tripped and fell over a protruding permanent drain pipe that was covered with a bucket to prevent concrete from entering it. At that time, the surface upon which the plaintiff was standing was covered with gravel, plastic, and wire mesh, from which earlier-installed plumbing and drainage pipes protruded. The defendant BBL Construction Services, LLC (hereinafter BBL), was the general contractor on the project, while the defendant Joe Lombardo Plumbing & Heating of Rockland, Inc. (hereinafter Lombardo Plumbing), was the plumbing subcontractor hired by BBL. D & J was the subcontractor hired by BBL to pour the concrete floor.
In October 2016, the plaintiff commenced this action against the CRH defendants, BBL, and Lombardo Plumbing (hereinafter collectively the defendants), asserting causes of action sounding in, inter alia, common-law negligence and violations of Labor Law §§ 200 and 241(6). In March 2017, BBL and the CRH defendants commenced a third-party action against Lombardo Plumbing and D & J, alleging causes of action for common-law indemnification and contribution, contractual indemnification, and breach of contract for failure to procure insurance. Lombardo Plumbing asserted third-party cross claims for similar relief against D & J. By order entered November 13, 2018, the Supreme Court denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241(6). The court also denied those branches of D & J's motion which were for summary judgment dismissing those causes of action insofar as asserted against BBL and the CRH defendants, as well as those branches which were for summary judgment dismissing the third-party complaint and all third-party cross claims insofar as asserted against it. The defendants appeal, and D & J cross-appeals. We reverse.
Labor Law § 200 is a codification of the common-law duty imposed on property owners, contractors, and their agents to provide construction site workers with a safe place to work (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352; Davies v Simon Prop. Group, Inc., 174 AD3d 850, 854; Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d 717, 719). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (Ortega v Puccia, 57 AD3d 54, 61; see Davies v Simon Prop. Group, Inc., 174 AD3d at 854; Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d at 719-720; Reyes v Arco Wentworth Mgt. Corp., 83 AD3d 47, 50-51). Both categories are implicated here. "Where the condition at issue is both 'open and obvious' and not 'inherently dangerous,' a defendant is not liable under either a theory of common law negligence or Labor Law § 200" (Graziano v Source Bldrs. & Consultants, LLC, 175 AD3d 1253, 1259, quoting Dinallo v DAL Elec., 43 AD3d 981, 982; see Reyes v Astoria 31st St. Devs., LLC, 190 AD3d 872). In addition, for liability to be imposed on a defendant where the means and methods of the work are involved, it must be shown that the defendant possessed the authority to supervise or control performance of the work (see Davies v Simon Prop. Group, Inc., 174 AD3d at 854; Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d at 719; Sullivan v New York Athletic Club of City of N.Y., 162 AD3d 955, 958; Reyes v Arco Wentworth Mgt. Corp., 83 AD3d at 51; Ortega v Puccia, 57 AD3d at 61). General supervisory authority to oversee the progress of the work is insufficient to impose liability (see Kefaloukis v Mayer, 197 AD3d 470, 471).
Here, the defendants met their prima facie burden of demonstrating both that the allegedly dangerous condition was open and obvious and not inherently dangerous, and that they lacked the authority to supervise or control the plaintiff's work. In support of their motion, the defendants submitted, among other things, transcripts of the deposition testimony of the plaintiff, as well as his D & J supervisor who was working alongside him at the time of the accident. Their [*3]testimony demonstrated that at the time of the accident and in the days prior thereto, the means and methods of plaintiff's work were directed by and were the sole responsibility of his D & J supervisor, and that the allegedly dangerous condition was open and obvious and not inherently dangerous (see id. at 471; Reyes v Astoria 31st St. Devs., LLC, 190 AD3d at 872; O'Sullivan v IDI Constr. Co., Inc., 28 AD3d 225, affd 7 NY3d 805).
Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers (see Toefer v Long Is. R.R., 4 NY3d 399, 409; Lopez v New York City Dept. of Envtl. Protection, 123 AD3d 982, 983). To establish liability under Labor Law § 241(6), a plaintiff must demonstrate that the injuries allegedly sustained were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case (see Misicki v Caradonna, 12 NY3d 511, 515; Jones v City of New York, 166 AD3d 739, 741; Aragona v State of New York, 147 AD3d 808, 809; Guallpa v Canarsie Plaza, LLC, 144 AD3d 1088, 1091; Mercado v TPT Brooklyn Assoc., LLC, 38 AD3d 732, 733; Rivera v Santos, 35 AD3d 700, 702).
Here, while the plaintiff, in his pleadings, cited several different provisions of the Industrial Code to support his Labor Law § 241(6) cause of action, he has since abandoned all of them except for Industrial Code (12 NYCRR) § 23-1.7(e)(2). This provision states, "[t]he parts of floors, platforms and similar areas where persons work or pass shall be kept free from accumulations of dirt and debris and from scattered tools and materials and from sharp projections insofar as may be consistent with the work being performed" (id.). In support of their motion, the defendants demonstrated that 12 NYCRR 23-1.7(e)(2) is inapplicable because the protruding drainage pipe over which the plaintiff allegedly fell was a permanent and an integral part of what was being constructed (see Martinez v 281 Broadway Holdings, LLC, 183 AD3d 712; Vita v New York Law Sch., 163 AD3d 605, 608; see also O'Sullivan v IDI Constr. Co., Inc., 28 AD3d 225). In opposition, the plaintiff failed to raise a triable issue of fact (see DeLeon v State of New York, 22 AD3d 786). Accordingly, the Supreme Court should have granted those branches of the defendants' motion and D & J's motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241(6).
In light of our determination, those branches of D & J's motion which were for summary judgment dismissing the third-party complaint and all third-party cross claims asserted against it should be granted (see Nicola v United Veterans Mut. Hous. No. 2, Corp., 178 AD3d 937, 940).
DILLON, J.P., BARROS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court