Argueta v City of New York (2024 NY Slip Op 00401)

Argueta v City of New York

2024 NY Slip Op 00401

Decided on January 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2021-02663
 (Index No. 712883/16)

[*1]Alan Argueta, et al., appellants, 
v
City of New York, et al., respondents.

Robert A. Cardali (Jorge Roman and Mischel & Horn, P.C., New York, NY [Scott T. Horn and Christen Giannaros], of counsel), for appellants.
Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Nicholas P. Hurzeler and Anthony Luckie of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), dated April 5, 2021. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6), and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff Alan Argueta (hereinafter the injured plaintiff) allegedly was injured while working at a school construction project in Queens when a tile shard hit him in the right eye as he was disposing of refuse by placing it into a dumpster. The injured plaintiff, and his wife suing derivatively, commenced this action against the defendants, alleging, inter alia, violations of Labor Law §§ 200 and 241(6), and common-law negligence. The defendants moved for summary judgment dismissing the complaint. In an order dated April 5, 2021, the Supreme Court granted the motion. The plaintiffs appeal.
"Labor Law § 241(6) imposes a nondelegable duty of reasonable care upon owners and contractors to provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" (Singh v 180 Varrick, LLC, 203 AD3d 1194, 1196-1197 [internal quotation marks omitted]). "In order to establish liability under Labor Law § 241(6), a plaintiff must 'establish the violation of an Industrial Code provision which sets forth specific safety standards,' and which 'is applicable under the circumstances of the case'" (Stewart v Brookfield Off. Props., Inc., 212 AD3d 746, 746-747, quoting Aragona v State of New York, 147 AD3d 808, 809). Here, the cause of action alleging a violation of Labor Law § 241(6) was predicated upon an alleged violation of 12 NYCRR 23-1.8(a), which provides that "[a]pproved eye protection equipment suitable for the hazard involved shall be provided for and shall be used by all persons while employed in . . . any other operation which may endanger the eyes."
On their motion for summary judgment, the defendants submitted documentary evidence and transcripts of deposition testimony indicating that the injured plaintiff's employer provided protective eyeglasses to all workers and required that such glasses be worn at all times. The defendants, however, also submitted the transcripts of the injured plaintiff's deposition and a hearing held pursuant to General Municipal Law § 50-h (hereinafter the 50-h hearing), at which the injured plaintiff testified that he was never provided any protective eyewear and that, at the time of his alleged injury, he was using a pair of safety glasses which he had bought himself. Moreover, while two people who did not personally witness the accident recalled that the injured plaintiff stated that he had removed his safety glasses prior to the accident, during his deposition and the 50-h hearing, the plaintiff denied making any such statement and insisted that he was wearing his own safety glasses when he was allegedly injured. The defendants' submissions, therefore, failed to eliminate all triable issues of fact as to whether the injured plaintiff was provided with approved eye protection equipment, whether he was wearing personally provided eye protection equipment, and, if so, whether he removed his eye protection prior to the accident. The defendants' failure to make a prima facie showing of entitlement to judgment as a matter of law required the denial of that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6), regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court, however, properly granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence. "'Labor Law § 200 is a codification of the common-law duty [imposed on] owners, contractors . . . and their agents to provide workers with a safe place to work'" (Mondragon-Moreno v Sporn, 189 AD3d 1574, 1576, quoting Doto v Astoria Energy II, LLC, 129 AD3d 660, 663). "'Cases involving Labor Law § 200 fall into two broad categories, namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site . . . and those involving the manner in which the work is performed'" (Southerton v City of New York, 203 AD3d 977, 979-980, quoting Torres v City of New York, 127 AD3d 1163, 1165). "Where, as here, the plaintiff's injuries arise from the manner in which the work is preformed, to be held liable under Labor Law § 200, a defendant must have the authority to exercise supervision and control over the work" (Navarra v Hannon, 197 AD3d 474, 476 [internal quotation marks omitted]; see Southerton v City of New York, 203 AD3d at 980). "'[T]he right to generally supervise the work, stop the contractor's work if a safety violation is noted, or . . . ensure compliance with safety regulations and contract specifications is insufficient to impose liability under Labor Law § 200 or for common-law negligence'" (Abelleira v City of New York, 201 AD3d 679, 680, quoting Banscher v Actus Lend Lease, LLC, 132 AD3d 707, 709). Here, the defendants' submissions established, prima facie, that they did not have the authority to supervise or control the method or manner in which the injured plaintiff's work was performed. In opposition, the plaintiffs failed to raise a triable issue of fact.
The parties' remaining contentions are either improperly raised for the first time on appeal or without merit.
IANNACCI, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court