Martinez v Nader Enters., LLC (2025 NY Slip Op 00655)

Martinez v Nader Enters., LLC

2025 NY Slip Op 00655

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2021-08414
 (Index No. 600442/19)

[*1]Wuilmer Martinez, respondent,
v
Nader Enterprises, LLC, appellant (and a third-party action).

White, Cirrito, Nally & Lynch LLP, Hempstead, NY (Christopher M. Lynch and Kelly, Rode & Kelly, LLP [Eric P. Tosca], of counsel), for appellant.
Gorayeb & Associates, P.C., New York, NY (Martin J. Moskowitz of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered October 8, 2021. The order denied the defendant's motion for summary judgment dismissing the cause of action alleging common-law negligence and, in effect, the cause of action alleging a violation of Labor Law § 200, and granted the plaintiff's cross-motion for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.5(c)(3).
ORDERED that the order is reversed, on the law, with costs, the defendant's motion for summary judgment dismissing the cause of action alleging common-law negligence and, in effect, the cause of action alleging a violation of Labor Law § 200 is granted, and the plaintiff's cross-motion for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.5(c)(3) is denied.
In July 2018, the plaintiff was employed by Sunfar Contracting Corp. (hereinafter Sunfar), which was the general contractor at a construction site owned by the defendant. The plaintiff allegedly was injured while cutting a cement block with a grinder without a blade guard when the grinder kicked back and cut the plaintiff's leg. Sunfar owned and provided the subject grinder.
The plaintiff commenced this action against the defendant, asserting causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241(6). Following the completion of discovery, the defendant moved for summary judgment dismissing the cause of action alleging common-law negligence and, in effect, the cause of action alleging a violation of Labor Law § 200. The plaintiff opposed the motion and cross-moved for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.5(c)(3). In an order entered October 8, 2021, the Supreme Court denied the defendant's motion and granted the plaintiff's cross-motion. The [*2]defendant appeals.
"Labor Law § 200 is a codification of the common-law duty imposed on owners, contractors, and their agents to provide workers with a safe place to work" (Walsh v Kenny, 219 AD3d 1555, 1557 [internal quotation marks omitted]; see Lombardi v Stout, 80 NY2d 290, 294; Saitta v Marsah Props., LLC, 211 AD3d 1062, 1063). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (Walsh v Kenny, 219 AD3d at 1557 [internal quotation marks omitted]; see Saitta v Marsah Props., LLC, 211 AD3d at 1063-1064). Where, as here, "a claim arises out of alleged dangers or defects in the means and methods of the work, an owner may be held liable for common-law negligence or a violation of Labor Law § 200 only if he or she had the authority to supervise or control the performance of the work" (Walsh v Kenny, 219 AD3d at 1557 [internal quotation marks omitted]; see Saitta v Marsah Props., LLC, 211 AD3d at 1063). "A defendant has the authority to supervise or control the work for the purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed" (Ortega v Pucci, 57 AD3d 54, 62; see Flores v Crescent Beach Club, LLC, 208 AD3d 560, 563). "The right to generally supervise the work, stop the contractor's work if a safety violation is noted, or . . . ensure compliance with safety regulations and contract specifications is insufficient to impose liability under Labor Law § 200 or for common-law negligence" (Argueta v City of New York, 223 AD3d 862, 865 [alterations and internal quotation marks omitted]; see Kefaloukis v Mayer, 197 AD3d 470, 471). Likewise, where the manner and method in which the work was performed is at issue, "no liability will attach to the owner solely because it may have notice of the allegedly unsafe manner in which work was performed" (Pilato v 866 U.N. Plaza Assoc., LLC, 77 AD3d 644, 646 [internal quotation marks omitted]; see Guallpa v Canarsie Plaza, LLC, 144 AD3d 1088, 1093; Ortega v Puccia, 57 AD3d at 61).
Here, the defendant established, prima facie, that it did not have the authority to supervise or control the manner and method of the plaintiff's work (see Argueta v City of New York, 223 AD3d at 865; Kefaloukis v Mayer, 197 AD3d at 471; Mondragon-Moreno v Sporn, 189 AD3d 1574, 1576). The defendant's submissions established that the defendant did not interact with Sunfar's employees during the construction and that it did not provide any equipment or tools to Sunfar's employees (see Mondragon-Moreno v Sporn, 189 AD3d at 1576). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the cause of action alleging common-law negligence and, in effect, the cause of action alleging a violation of Labor Law § 200.
"Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers" (Walsh v Kenny, 219 AD3d at 1556 [internal quotation marks omitted]; see Misicki v Caradonna, 12 NY3d 511, 515; Cruz v 1142 Bedford Ave., LLC, 192 AD3d 859, 862). "[A]n owner or general contractor is vicariously liable without regard to their fault, and even in the absence of control or supervision of the worksite, where a plaintiff establishes a violation of a specific and applicable Industrial Code regulation" (Bazdaric v Almah Partners LLC, 41 NY3d 310, 317 [alteration and internal quotation marks omitted]). Industrial Code (12 NYCRR) § 23-1.5(c)(3), which provides that "[a]ll safety devices, safeguards and equipment in use shall be kept sound and operable, and shall be immediately repaired or restored or immediately removed from the job site if damaged," is sufficiently specific to support a cause of action alleging a violation of Labor Law § 241(6) (see Tuapante v LG-39, LLC, 151 AD3d 999, 1000; Perez v 286 Scholes St. Corp., 134 AD3d 1085, 1086).
Here, in cross-moving for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.5(c)(3), the plaintiff failed to eliminate all triable issues of fact as to whether the defendant had notice of any defect or unsafe condition in the subject grinder (see generally Desprez v United Prime Broadway, LLC, 225 AD3d 518; Shaw v Scepter, Inc., 187 AD3d 1662, 1665; Nicola v United Veterans Mut. Hous. No. 2, Corp., 178 AD3d 937, 940). Accordingly, the Supreme Court should have denied the plaintiff's cross-motion, regardless of the sufficiency of the defendant's [*3]opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendant's remaining contention is not properly before this Court.
Accordingly, we reverse the order, grant the defendant's motion for summary judgment dismissing the cause of action alleging common-law negligence and, in effect, the cause of action alleging a violation of Labor Law § 200, and deny the plaintiff's cross-motion for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.5(c)(3).
BRATHWAITE NELSON, J.P., MILLER, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court